Harold A. HOUDEK, Frederic J. Raymond, J.A. Morrison, George H. Liveris, Robert A. Irwin, Cecil J. Allmon, Jose Augusto, Jr., R.S. Banner, Jr., A.D. Bond, Clemont H. Bruce, Harvey A. Carson, Jr., Billy Jack Dunn, Virginia Howard, Sylvester J. Jaye, T.L. Martin, Ira S. Reavis, E. Shepard, Herman B. Thomason, Marion Leon Thompson, Billy Rhea Sargent, and Clarence E. White, for themselves and on behalf of others similarly situated, Plaintiffs–Appellants,

v.

MOBIL OIL CORPORATION, a New York Corporation, the Retirement Plan of Mobil Oil Corporation, itself and by the Trustees thereof, and one or more John and/or Jane Does and/or Doe Entities, Defendants–Appellees.

Nos. 92CA1395, 93CA0062.

Colorado Court of Appeals, Div. V.

Jan. 13, 1994.

Rehearing Denied Feb. 10, 1994.

Certiorari Denied Aug. 29, 1994.

418

Pryor, Carney & Johnson, P.C., Rodney R. Patula, Bradford J. Lam, Ricardo M. Barrera, Englewood, for plaintiffs-appellants.

Haddon, Morgan & Foreman, P.C., Harold A. Haddon, Saskia A. Jordon, Rachel A. Bellis, Debevoise & Plimpton, John G. Koeltl, New York City, Michael E. Tigar, Austin, TX, for defendants-appellees.

Opinion by Judge DAVIDSON.

In this action to recover damages for common law fraud, negligent misrepresentation, civil conspiracy, and interference with contract, plaintiffs, Harold A. Houdek, Frederic J. Raymond, J.A. Morrison, George H. Liveris, Robert A. Irwin, Cecil J. Allmon, Jose Augusto, Jr., R.S. Banner, Jr., A.D. Bond, Clemont H. Bruce, Harvey A. Carson, Jr., Billy Jack Dunn, Virginia Howard, Sylvester J. Jaye, T.L. Martin, Ira S. Reavis, E. Shepard, Herman B. Thomason, Marion Leon Thompson, Billy Rhea Sargent, and Clarence E. White, appeal from the judgment dismissing, pursuant to C.R.C.P. 12(b)(5), their complaint against defendants, Mobil Oil Corporation (Mobil), the Retirement Plan of Mobil Oil Corporation, and the trustees thereof. We affirm.

Plaintiffs are former employees of defendant Mobil. All plaintiffs were participants in a retirement plan governed by the federal Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. (1988) (ERISA).

According to the complaint, which is comprised of twenty-two pages replete with references to ERISA regulations and allegations regarding the administration of the retirement plan, beginning in 1977, Mobil made available a retirement plan option known as the "lump sum" under which eligible employees could elect to receive retirement account funds in a single payment rather than in monthly annuity payments. The complaint alleged that, in mid–1984, Mobil announced to its employees that the eligibility threshold for the lump sum option, which was based upon an employee's total net worth or total accrued pension, would be raised and that in order to take advantage of the lump sum option at the lower threshold, they must retire before January 1, 1985. Plaintiffs are all employees who chose to retire before January 1, 1985, and who selected the lump sum option.

The complaint further alleges that Mobil knew before January 1, 1985, but did not inform its employees that, because of certain federal tax considerations, it would not be able to implement the higher eligibility threshold without also implementing a waiver provision for that threshold and that, because of then recent amendments to ERISA (known as the Retirement Equity Act), plaintiffs would have been entitled to the lump sum option under the lower threshold even if they had retired after January 1, 1985. Plaintiffs aver that they would not have retired before January 1, 1985, but for Mobil's representations that their entitlement to the lump sum option under the lower threshold would be foreclosed after that date and that they could not have qualified for the lump sum option under the higher threshold.

Plaintiffs filed suit in federal district court for the District of Colorado asserting claims under the federal Age Discrimination in Employment Act (ADEA) and ERISA as well as various state law claims. The federal court declined to exercise pendent jurisdiction over the state law claims and dismissed those claims without prejudice. Plaintiffs then refiled the state law claims by way of this action in the trial court.

Defendants moved for dismissal under C.R.C.P. 12(b)(5) on the grounds that plaintiffs' state law claims were preempted by the federal ERISA legislation. The trial court granted defendants' motion and subsequently awarded attorney fees to defendants pursuant to § 13–17–201, C.R.S. (1987 Repl.Vol. 6A).

The federal district court held that plaintiffs had viable ERISA claims. That determination was reversed on appeal by the Tenth Circuit Court of Appeals on the grounds that plaintiffs were no longer participants in an ERISA plan. The Tenth Circuit opinion did not address plaintiffs' ADEA claims. *See Raymond v. Mobil Oil Corp.,* 983 F.2d 1528 (10th Cir.1993).

## I.

Plaintiffs contend that the trial court erred in determining that their state law claims were preempted by federal ERISA legislation. We disagree.

## A.

Plaintiffs first argue that because the federal appeals court has determined that they do not have any claim for relief under ERISA, their state law claims cannot be preempted. The United States Court of Appeals for the Tenth Circuit found that the definition of a participant entitled to bring a cause of action under ERISA excludes former employees, such as plaintiffs here, who have received the full extent of their benefit in a lump sum payment and who do not have either a colorable claim to further benefits or a reasonable expectation of returning to employment covered by the retirement plan. *Raymond v. Mobil Oil Corp., supra; see also Mitchell v. Mobil Oil Corp.,* 896 F.2d 463 (10th Cir.1990). We do not agree that the existence of a viable ERISA claim is a prerequisite to preemption.

According to federal and United States Supreme Court cases interpreting the scope of ERISA preemption, state law tort claims which conflict directly with a viable ERISA cause of action are preempted by ERISA. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). The converse, however, that a viable ERISA claim is necessary in order for preemption to apply, has been expressly and uniformly rejected by the federal appellate courts. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (Congress did not intend for remedies which it had rejected in ERISA to become available under state law claims); *Corcoran v. United Healthcare, Inc.,* 965 F.2d 1321, 1333 (5th Cir.1992) ("While we are not unmindful of the fact that our interpretation of the preemption clause leaves a gap in remedies within a statute intended to protect participants in employee benefit plans, the lack of an ERISA remedy does not affect a preemption analysis."); *cf. Sanson v. General Motors Corp.,* 966 F.2d 618 (11th Cir.1992) (the unavailability of an ERISA cause of action does not necessitate the creation of a federal common law fraud claim in order to provide the plaintiff with a remedy).

Nonetheless, plaintiffs contend that under Colorado law their claims cannot be preempted. They base this contention on the statement by this court in *Pierce v. Capitol Life Insurance Co.,* 806 P.2d 388, 390 (Colo.App. 1990) that "[i]n order for a plaintiff's state law [tort] claim to be preempted, he or she must be entitled to bring an ERISA claim." Plaintiffs misapprehend the significance of this phrase.

■ Contrary to plaintiffs' contentions, *Pierce* does not hold that the lack of an ERISA claim prevents preemption of state law claims. The issue before the court in *Pierce* was whether the plan covering plaintiffs, the husband and wife owners of a small business, was an employee benefit plan covered by ERISA in the first instance pursuant to federal regulations, codified at 29 C.F.R. § 2510.3-3 (1989), which define "employee" to exclude such husband and wife owners. The court thus concluded that "the plaintiff must have been a 'participant' or 'beneficiary' of [an ERISA] plan" before ERISA is even applicable. *Pierce v. Capitol Life Insurance Co., supra,* at 390; *see Madonia v. Shield of Virginia,* 11 F.3d 444 (4th Cir.1993) (29 C.F.R. § 2510.3-3 applies only to the initial determination that an employee plan exists and does not govern whether a person is a plan participant once the existence of an ERISA plan has been established as it would be anomalous to allow two disparate sets of legal obligations to pertain to persons covered by the same ERISA plan).

Thus, the holding in *Pierce* is limited to situations in which ERISA is not applicable because the plaintiffs never participated in an ERISA covered plan. Unlike the plaintiffs in *Pierce,* plaintiffs here were at one time participants in the ERISA covered Mobil retirement plan.

Plaintiffs urge this court to adopt the reasoning of *Cutler v. Phillips Petroleum Co.,* 71 Wash.App. 511, 859 P.2d 1251 (1993), in which the court commented in dicta that if a party has no ERISA claims, state law claims must be available in order to ensure a forum in which to air grievances. We do not find that reasoning persuasive in light of express determination by the federal appellate courts that, absent a clear directive to the contrary from the United States Supreme Court, the existence of an ERISA remedy is not a prerequisite for ERISA preemption. *See Lister v. Stark,* 890 F.2d 941 (7th Cir.1989); *see also Pilot Life Insurance Co. v. Dedeaux, supra; cf. Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (rejecting the notion that a federal remedy is a prerequisite to complete preemption under the federal Labor Management Relations Act of 1947).

### B.

Plaintiffs next argue that ERISA does not preempt their state law claims because these claims do not relate to the ERISA plan. Again, we disagree.

■ ERISA expressly preempts any and all state laws insofar as they relate to any employee benefit plan covered by ERISA. *Fort Halifax Packing Co. v. Coyne,* 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987); 29 U.S.C. § 1144(a) (1988). This is so even if the state law was not specifically designed to affect employee benefit plans. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983); *see also Belgard v. United Airlines,* 857 P.2d 467 (Colo.App. 1992) (The term "relate to" as used in several federal statutes, including ERISA, was intended to be broadly construed).

■ The preemptive power of ERISA is broad enough to displace all state laws within its sphere, even those which are consistent with ERISA's substantive guidelines, because even indirect state action may encroach upon the area of exclusive federal concern. *Metropolitan Life Insurance Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Therefore, if a state law cause of action makes specific reference to, or is premised upon, the existence of an ERISA covered plan, it is preempted. *Ingersoll–Rand Co. v. McClendon, supra.* Likewise, if, in order to prevail, the plaintiff has to prove the existence of an ERISA plan and misrepresentations by the employer as to the plaintiff's eligibility for benefits, state law claims are preempted. *See Sanson v. General Motors Corp., supra.*

Although interpreted broadly, this preemption clause does have recognized limits. *Ingersoll–Rand Co. v. McClendon, supra.* Some state actions affect employee benefits plans too tenuously, remotely, or peripherally to warrant preemption of those actions. *Shaw v. Delta Air Lines, Inc., supra.* If there is no impact, directly or indirectly upon an ERISA plan, the state law cause of action does not "relate to" the plan. *See Cutler v. Phillips Petroleum Co., supra.*

State law claims which provide an alternative cause of action for the collection of ERISA benefits, refer specifically and apply solely to ERISA plans, or interfere with the calculation of ERISA benefits, have been preempted. *See Monarch Cement Co. v. Lone Star Industries, Inc.,* 982 F.2d 1448 (10th Cir.1992). Plaintiffs correctly point out that, conversely, state laws of general application representing traditional exercises of state power or regulatory authority previously often have escaped preemption if their effect on the structure, administration, or type of benefits provided by an ERISA plan was merely incidental. *See Aetna Life Insurance Co. v. Borges,* 869 F.2d 142 (2d Cir.1989).

The United States Supreme Court, however, has rejected the argument that *only* state laws affecting plan terms, conditions, or administration are preempted. The Court reasoned that state courts, implementing even common law powers of general application, might develop dissimilar standards regarding the same conduct which would require multi-state employers to tailor retirement plans to the peculiarities of each jurisdiction. *Ingersoll–Rand Co. v. McClendon, supra.* This less stringent test requires only that the state law claim have a connection with an ERISA plan. *See Travelers Insurance Co. v. Cuomo,* 14 F.3d 708 (2d Cir.1993).

As we read *Ingersoll–Rand,* in order to determine if plaintiffs' state law claims are preempted here, we must focus not only on the effect, or potential effect on plan terms, conditions, or administration, but also must consider whether allowing the state law claims to proceed would be likely to result in the creation of variable standards for employer conduct. *See Madonia v. Shield of Virginia, supra* (The statutory purpose of ERISA's preemption provision is to ensure similar treatment for all claims relating to employee benefit plans).

Under the proper analysis, we must consider whether the claim arises under a law representing a traditional exercise of state authority, whether invoking the state law would affect relations between the principal ERISA entities involved, and whether the state law claims would have only an incidental effect on the ERISA plan. But, these factors are not exhaustive and no one factor is dispositive. *See Van Camp v. AT & T Information Systems,* 963 F.2d 119 (6th Cir. 1992).

Thus, on the one hand, for example, state law claims for fraud have not been preempted if the fact that the subject of the alleged deception is pension plan benefits was not essential to the cause of action. *See Greenblatt v. Budd Co.,* 666 F.Supp. 735 (E.D.Pa.1987); *Cutler v. Phillips Petroleum Co., supra* (The gravamen of the plaintiffs' claim was that Phillips Petroleum misrepresented an agreement with successor company to maintain plaintiffs' salary and benefits, and therefore, the claim did not depend upon the existence of the ERISA plan and its effect upon the plan would be incidental).

Here, on the other hand, the existence and administration of the retirement plan do not bear merely an incidental relationship to the allegations forming the core of plaintiffs' claims for relief. In their lengthy complaint, plaintiffs charge, *inter alia,* that Mobil represented that the change in eligibility requirements for the lump sum benefit was necessary to make the retirement plan cost competitive and to update the eligibility threshold to adjust for inflation when in actuality the changes would not make the retirement plan more cost competitive, the changes were not necessary since the retirement plan was already overfunded, and Mobil knew that the changes would probably violate existing Internal Revenue Service policy.

From these allegations, we conclude that the adjudication of plaintiffs' claims that they

were fraudulently induced to take early retirement would involve examining, at a minimum, the operation and funding of the retirement plan prior to the eligibility changes, the language of the amendments to the retirement plan, and Mobil's communication to plaintiffs concerning the terms of the retirement plan amendments. We are unable to discern how a court could determine the merits of these claims without engaging in a close analysis of the details of the operation of the Mobil retirement plan. *See Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3d Cir. 1990); *Anglund v. American Telephone & Telegraph Co.*, 828 F.Supp. 809 (D.Colo. 1993).

In a case filed in federal district court for the Eastern District of Texas by other Mobil employees alleging the same facts and the same misrepresentations by Mobil concerning the same retirement plan, the United States Court of Appeals for the Fifth Circuit determined that plaintiffs' identical state law claims were preempted in their entirety because "the basis of the claims themselves is the operation of the pension plan; if [the] claims were stripped of their link to the pension plans, they would cease to exist." *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220 (5th Cir.1992). Thus, the court concluded, under *Ingersoll–Rand,* the plaintiffs claims were premised upon an ERISA plan and were preempted. *See Christopher v. Mobil Oil Corp., supra.*

Specifically, of particular importance to plaintiffs' state law claims is the timing of notice to Mobil employees of the amendments to the retirement plan. As defendants point out, ERISA prescribes the period in which the plan administrator must disclose retirement plan amendments to affected employees. *See* 29 C.F.R. §§ 2520.104b–1, 2520.104b–3, and 2520.104b–4 (1992). ERISA also governs the adequacy of disclosures. *See* 29 C.F.R. § 2520.101–1, et seq. (1992); 29 U.S.C. § 1024(b) (1988); *see also Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755, 758 (5th Cir.1990) ("[T]he plaintiffs' action would impose a state-created duty on the part of pension fund administrators to disclose plan amendments before they are put into effect, a duty which at least one

other circuit has said ERISA specifically does not impose.").

We agree with defendants that this aspect of plaintiffs' claims would have a more than incidental effect upon the manner in which the ERISA plan is administered in terms of disclosure requirements which could potentially interfere with the maintenance of a uniform body of federal regulation. *See Ingersoll–Rand v. McClendon, supra; Van Camp v. AT & T Information Systems, supra.*

Plaintiffs argue that the actions complained of were taken by Mobil as an employer only, and therefore, none of these ERISA regulations applies. In their complaint, however, plaintiffs allege, *inter alia,* that: "Per Article 16, Section 1 of the Plan, the Vice–President of Employee Relations and the Treasurer of Mobil are named fiduciaries *charged with the operation and administration of the Plan* (emphasis added)." From their allegations we must infer that Mobil, acting through certain of its officers and employees, is the "plan administrator" for purposes of compliance with ERISA's disclosure requirements. *See* 29 U.S.C. § 1002(16) (1988).

■ Even if we assume that Mobil was acting solely in its capacity as employer when the alleged tortious conduct occurred, determinations concerning the propriety of the disclosures made by Mobil could be made only with reference to ERISA and would affect the relations among plaintiffs, Mobil, and the Mobil retirement plan as the principal ERISA entities involved. *See Van Camp v. AT & T Information Systems, supra.*

Plaintiffs rely upon *Raymond v. Mobil Oil Corp., supra,* in support of their argument to the contrary. In a footnote, the *Raymond* court opined that, arguably, plaintiffs' state law fraud claims allege simply a wrongful discharge achieved by the employer through fraud and are not premised upon the existence of an ERISA plan. This statement, however, was based upon a perfunctory evaluation of whether the claims would have an effect on the structure, administration, or type of benefits provided by the Mobil retirement plan. As we have noted, this type of

inquiry is, at best, incomplete. *See Ingersoll–Rand Co. v. McClendon, supra.*

Additionally, the court there acknowledged that preemption was not an issue in the case; therefore, there is no basis for us to presume that the preemption question was thoroughly argued by the parties or analyzed by the court. *See Petrafeck v. Industrial Commission,* 191 Colo. 566, 554 P.2d 1097 (1976); *Dunbar v. Board of Trustees,* 170 Colo. 327, 461 P.2d 28 (1969).

In further support of their argument against preemption, plaintiffs contend that, the above analysis notwithstanding, the issue here is simply whether, once having communicated to its employees concerning the proposed amendments, Mobil had common law obligations as an employer to provide additional information to avoid misleading its employees. Mobil's compliance with ERISA in making plan amendment disclosures, they maintain, is not in question. It is not difficult to see, however, that individual states could impose individual common law disclosure requirements as to the timing and content of plan related announcements which would quickly erode the intended comprehensive uniformity of applicable federal law. *See Ingersoll–Rand v. McClendon, supra; Christopher v. Mobil Oil Corp., supra; see also Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir.1989) (ERISA preemption was intended to eliminate the threat of potentially conflicting and inconsistent state and local regulation of pension plans).

In addition, as plaintiffs conceded at oral argument, under the civil conspiracy claim, the Mobil plan is joined as a defendant and for this reason alone we must find that claim is preempted. The interference with contract claim also depends entirely for its existence upon the retirement plan as it is the employees' rights under the plan which they allege have been tortiously obstructed by the conduct of Mobil, a principal actor in the administration of the plan.

Therefore, although the state law claims asserted here represent typically significant functions of state law not designed specifically to affect pension plans, *see Provience v. Valley Clerks Trust Fund,* 509 F.Supp. 388 (E.D.Cal.1981), the claims are nonetheless preempted because they would have more than an incidental effect upon the ERISA plan or upon relations among the principal ERISA entities involved. *See Van Camp v. AT & T Information Systems, supra.*

## II.

Plaintiffs also contend that the trial court erred in awarding defendants attorney fees under § 13–17–201. We perceive no error in either the award or in the amount awarded.

## A.

Plaintiffs assert that § 13–17–201 does not apply to their state law claims because they do not allege any death or injury to person or property. We disagree.

Section 13–17–201 provides for an award of reasonable attorney fees:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure....

By enacting § 13–17–201, the General Assembly intended to discourage unnecessary litigation of tort claims; therefore, this statute applies whenever a tort action is dismissed prior to trial pursuant to a motion under C.R.C.P. 12(b). *First Interstate Bank v. Berenbaum,* 872 P.2d 1297 (Colo.App. 1993); *Employers Insurance of Wausau v. RREEF USA Fund–II (Colorado), Inc.,* 805 P.2d 1186 (Colo.App.1991).

Contrary to plaintiffs' contentions, the statute neither explicitly nor implicitly contemplates the existence of some manner or degree of physical harm to a person or to property. We are not persuaded that the statute is limited in applicability to a "species" of tort claims and is inapplicable to a tort claim which alleges only economic injury.

## B.

Plaintiffs also argue that § 13–17–201 does not apply to their claims which they contend were brought in a good faith

attempt to establish new law in Colorado. We do not agree that the applicability of § 13–17–201 is so limited.

Plaintiffs assert that § 13–17–201 creates disharmony with § 13–17–102(7), C.R.S. (1987 Repl.Vol. 6A) which provides that:

No attorney or party shall be assessed attorney fees as to any claim or defense which the court determines was asserted by said attorney or party in a good faith attempt to establish a new theory of law in Colorado.

If two statutes conflict, the provisions of the specific statute will control over the general, and the provisions of the statute enacted last in time will control over one enacted earlier. *L.D.G. v. E.R.*, 723 P.2d 746 (Colo. App.1986). Section 13–17–201 is more specific as it applies only to tort actions which are dismissed pursuant to C.R.C.P. 12(b). Section 13–17–201 was enacted in 1987, *see* Colo. Sess.Laws 1987, ch. 100 at 547, later in time than § 13–17–102(7) which was enacted in 1977. *See* Colo.Sess.Laws 1977, ch. 107 at 460.

The mandatory attorney fees award provision of § 13–17–201 contains no express exclusion for claims brought in a good faith attempt to establish a new rule of law in Colorado. Thus, to the extent that § 13–17–201 and § 13–17–102(7), are in conflict, we conclude that § 13–17–201 controls, and the trial court did not err in awarding defendants their fees on that basis. *Cf. Shaw v. Baesemann*, 773 P.2d 609 (Colo.App.1988).

## C.

■ Alternatively, plaintiffs argue that § 13–17–201 should not have been applied to their claims because they conditionally offered to confess defendants' motion to dismiss. Because the record does not support this contention, we disagree.

In response to defendants' motion to dismiss, plaintiffs filed a pleading with the trial court captioned "Plaintiffs' Partial Opposition to and Partial Conditional Confession of Defendants' Motion to Dismiss and Plaintiffs' Cross Motion for Stay of Proceedings until Conditions for Dismissal may be Satisfied." In that pleading they conceded that, if they had a claim for relief in federal court under ERISA, their state court claims would be preempted as directly conflicting with that cause of action. As to express preemption under the terms of the federal ERISA legislation, however, plaintiffs maintained throughout this litigation that preemption on those grounds did not apply.

By implication, § 13–17–201 allows a plaintiff to escape liability for attorney fees by seeking a voluntary dismissal or by filing a stipulation of dismissal, or by confessing to a defendant's motion to dismiss under C.R.C.P. 12(b). *Employers Insurance of Wausau v. RREEF USA Fund–II (Colorado), Inc.*, *supra*.

Plaintiffs here, in contrast, sought to maintain their state law claims unless and until the federal court reached a determination that they had a federal ERISA cause of action. In an attempt specifically to preserve the state court litigation, they argued that express statutory preemption did not apply. This is quite distinct from a confession to a C.R.C.P. 12(b) dismissal motion which would have ended the state court lawsuit entirely. *Cf. First Interstate Bank v. Berenbaum*, *supra* (Section 13–17–201 operates only when an entire action has been dismissed).

## D.

Lastly, plaintiffs contend that the trial court awarded an excessive amount of attorney fees to defendants because much of the briefs filed in the motion to dismiss were redundant of briefs filed in federal cases concerning the same set of facts and issues. We perceive no abuse of discretion.

■ If an award of attorney fees is supported by the record, it will not be disturbed on appeal. *In re Conservatorship of Roth*, 804 P.2d 265 (Colo.App.1990); *see also In re Marriage of Hahn*, 628 P.2d 175 (Colo. App.1981). A determination that the amount requested for such an award is reasonable is a question of fact for the trial court and will be upheld on appeal unless patently erroneous. *Spensieri v. Farmers Alliance Mutual Insurance Co.*, 804 P.2d 268 (Colo.App.1990).

426

Here, the trial court held a hearing on the attorney fees request and took testimony to the effect that defendants had requested fees representing half of the total amount of time spent on the motion to dismiss. Finding that this was reasonable under the circumstances because it took into account any duplication of work, the trial court awarded the amount requested. The trial court also found that the time expended was equivalent to the time expended in resisting the motion to dismiss by plaintiffs' attorneys, who also were familiar with the facts and issues from their participation in the other cases.

These findings are supported by the record, and we decline to disturb them on appeal. *See Williams v. Farmers Insurance Group, Inc.*, 781 P.2d 156 (Colo.App.1989), *aff'd*, 805 P.2d 419 (Colo.1991).

The judgment is affirmed.

MARQUEZ and BRIGGS, JJ., concur.