**Diane SMITH and Bruce A. Smith, Plaintiffs–Appellants and Cross–Appellees,**

v.

**TOWN OF SNOWMASS VILLAGE, Defendant–Appellee and Cross–Appellant.**

No. 95CA0496.

Colorado Court of Appeals, Div. II.

April 4, 1996.

Rehearing Denied May 16, 1996.

Freeman & Jenner, P.C., Martin H. Freeman, Aspen, for Plaintiffs–Appellants and Cross–Appellees.

Watson, Nathan & Bremer, P.C., J. Andrew Nathan, Andrew J. Fisher, Denver, for Defendant–Appellee and Cross–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Cristina Valencia, Assistant Attorney General, Denver, for Amicus Curiae State of Colorado.

Opinion by Chief Judge STERNBERG.

Plaintiffs, Diane and Bruce A. Smith, appeal from the trial court's judgment dismissing their complaint against defendant, the Town of Snowmass Village (Town), based on governmental immunity. The Town cross-appeals from the trial court's denial of its attorneys fees and its partial award of the actual costs the Town incurred. We affirm in part, reverse in part, and remand with directions.

On the evening of January 18, 1992, Diane Smith slipped and fell on the landing at the bottom of an unlit stairway owned and maintained by the Town. The stairs were heated and dry but the landing upon which she fell was covered with ice.

She and her husband brought suit against the Town seeking damages for the injuries she suffered and for loss of consortium. Following discovery, the Town moved to dismiss the Smiths' complaint on the basis that it was immune from liability under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A).

The trial court concluded that Bruce Smith had failed to give the required notice of claim pursuant to § 24–10–109, C.R.S. (1988 Repl. Vol. 10A) and dismissed his claim. After a subsequent hearing, the court dismissed Diane Smith's claim based on her failure to establish that the Town had notice that a "dangerous condition" existed.

## I.

■ Diane Smith contends that the trial court erred in determining that she failed to establish that the Town had actual or constructive notice that a "dangerous condition" existed at the bottom of the stairway. We disagree.

■ The GIA provides that a public entity and its employees are immune from liability for all claims that lie or could lie in tort except as expressly provided in the GIA. Section 24–10–105, C.R.S. (1988 Repl.Vol. 10A). Under § 24–10–106(1)(d), C.R.S. (1995 Cum.Supp.), immunity is not waived in an action seeking compensation for injuries resulting from a dangerous condition on a public sidewalk within the corporate limits of a municipality. *See City of Aspen v. Meserole*, 803 P.2d 950 (Colo.1990).

■ The question of whether immunity has been waived under the GIA is an issue of subject matter jurisdiction for the trial court's determination pursuant to C.R.C.P. 12(b)(1). *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993). Under C.R.C.P. 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Capra v. Tucker*, 857 P.2d 1346 (Colo.App. 1993).

■ The trial court, as finder of fact under C.R.C.P. 12(b)(1), may receive any competent evidence pertaining to the issue of subject matter jurisdiction and its resolution of this issue will not be reversed unless it is clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.* If, as here, all relevant evidence has been presented to the trial court, we may decide the issue without remanding for an evidentiary hearing. *Capra v. Tucker, supra.*

■ To establish that a "dangerous condition" existed, Diane Smith was required to prove that: (1) the ice constituted an unreasonable risk to the health or safety of the public; (2) the Town knew the ice was present or through the exercise of reasonable care should have known that it was present; and (3) the presence of the ice was proximately caused by the negligent act or omission of the Town in constructing or maintaining the stairway. *See* § 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A).

With regard to the first element, the trial court found that the ice constituted an unreasonable risk to the health or safety of the public.

As to the second element, § 24–10–103(1) then provided:

> For the purposes of this subsection (1), a dangerous condition *should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered....* Nothing in this subsection (1) shall preclude a particular dangerous accumulation of water, snow, or ice from being found to constitute a dangerous condition when a public entity fails to use existing means available to it for the removal of such accumulation and when the public entity *had notice of such accumulation and reasonable time to act.* (emphasis added)

The trial court concluded that the Town did not have actual or constructive knowledge of the dangerous condition created by an accumulation of ice. Specifically, it found that neither the Public Works Director nor the Finance Director, both of whom were authorized to receive complaints, knew about the ice or had received a report that there was a problem with ice on the landing of the stairway where Diane Smith fell.

The trial court also concluded that the Town did not have constructive notice with regard to the ice. In particular, it found that there was no evidence concerning how long the ice had been present, when it accumulated, or under what conditions it appeared. In addition, the trial court noted that no witness testified that the ice had been present prior to Diane Smith's fall. Under these circumstances, the court concluded that it was unable to find that the ice had existed for such a period of time that the Town would have discovered it in the exercise of reasonable care.

The trial court thus concluded that Diane Smith had failed to satisfy the statutory re-

quirements for establishing that a "dangerous condition" existed.

Contrary to the Smiths' contention, we disagree that the trial court ignored the testimony of the Public Works Director. Rather, it is apparent from the court's findings that it did not adopt the conclusions that the Smiths drew from that testimony.

Based upon our review of the record, we conclude that the trial court's findings are supported by the evidence. Hence, we will not overturn them upon review.

## II.

Bruce Smith contends that the trial court erred in concluding that he failed to give notice to the Town in accordance with § 24–10–109. However, Bruce Smith's claim is dependent on the viability of Diane Smith's claim, and thus, since we have approved the dismissal of her claim, we need not address this issue concerning notice.

## III.

■ In its cross-appeal, the Town contends that the trial court erred in refusing to award all of the actual costs it incurred based on an offer of settlement that was rejected by the Smiths. Under the circumstances present here, we disagree.

At the time pertinent here, Colo.Sess.Laws 1990, ch. 100 at 852, § 13–17–202(1)(a)(II) provided that:

If the defendant makes an offer of settlement which is rejected by the plaintiff and the plaintiff does not recover a final judgment in excess of the amount offered, then the defendant shall be awarded actual costs accruing after the offer of settlement to be paid by the plaintiff.

■ Under § 13–17–202, C.R.S. (1987 Repl.Vol. 6A), a trial court has no discretion to refuse to award a party its actual costs. *Scholz v. Metropolitan Pathologists, P.C.*, 851 P.2d 901 (Colo.1993). However, the trial court retains discretion to award only the actual costs that are reasonably incurred by a party. *Scholz v. Metropolitan Pathologists, P.C., supra; Jorgensen v. Heinz*, 847 P.2d 181 (Colo.App.1992).

Here, the trial court awarded the Town only those costs that were necessary to resolve the issue of the court's subject matter jurisdiction under C.R.C.P. 12(b)(1). As to the remaining costs, the court found that they all related to the issue of damages and that the Town could have easily avoided these expenses if it had availed itself of the procedures that would have limited the action to the resolution of the jurisdictional issue.

Under these circumstances, we conclude that the trial court did not abuse its discretion in awarding the Town only a portion of the actual costs it incurred. *See Scholz v. Metropolitan Pathologists, P.C., supra; Jorgensen v. Heinz, supra.*

## IV.

■ The Town also contends that the trial court erred in refusing to award it attorney fees pursuant to § 13–17–201, C.R.S. (1987 Repl.Vol. 6A). We agree.

Section 13–17–201 provides that:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

■ Section 13–17–201 was enacted to discourage the unnecessary litigation of tort claims. It applies "whenever a tort action is dismissed prior to trial pursuant to a motion under C.R.C.P. 12(b)." *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo.App.1994); *cert. denied*, — U.S. —, 115 S.Ct. 1100, 130 L.Ed.2d 1068 (1995). Thus, by its plain language, § 13–17–201 applies to a motion to dismiss under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction. *See Lyon v. Amoco Production Co.*, — P.2d — (Colo. App. No. 94CA1296, February 22, 1996)

(court held that trial court erred in not awarding attorney fees pursuant to § 13–17–201 when it dismissed a complaint under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction and C.R.C.P. 12(b)(6) for failure to join an indispensable party.)

Here, in denying the Town's request for attorney fees under § 13–17–201, the trial court noted that prior to the *Trinity Broadcasting* decision, issues of subject matter jurisdiction were commonly resolved under C.R.C.P. 56. The court interpreted § 13–17–201 as not permitting awards of attorney fees when, as here, facts had to be presented and determined by the court.

In *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* the supreme court rejected the contention that summary judgment was improper because the jury should have been allowed to determine whether the plaintiff had given proper notice under the GIA. Rather, the court held that the issue of immunity under the GIA is one of subject matter jurisdiction that is properly resolved under C.R.C.P. 12(b)(1). It determined that, because the trial court, rather than the jury, is the factfinder pursuant to a motion to dismiss under C.R.C.P. 12(b)(1), that court may consider any competent evidence without converting the motion to a summary judgment motion.

■ Accordingly, while the consequences may be harsh, we conclude that, consistent with the supreme court's analysis in *Trinity Broadcasting,* and the plain language of § 13–17–201, an award of attorney fees is mandatory when a trial court dismisses an action under the GIA for lack of subject matter jurisdiction. *See Lyon v. Amoco Production Co., supra; Houdek v. Mobil Oil Corp., supra.*

■ Relying on *Employers Insurance of Wausau v. RREEF USA Fund–II (Colorado), Inc.,* 805 P.2d 1186 (Colo.App.1991), the Smiths argue that a literal reading of the statute would be contrary to the intent of the General Assembly. They assert that their action was not frivolous and was brought in good faith. Thus, they argue that imposition of attorney fees under these circumstances would have a chilling effect on plaintiffs who want to pursue meritorious claims against governmental entities.

While we recognize the appeal of the Smiths' arguments, we conclude that we are bound by the mandatory language of § 13–17–201. Thus, their arguments are more appropriately made to the General Assembly.

In *Employers Insurance of Wausau v. RREEF USA Fund–II (Colorado), Inc., supra,* a division of this court held that § 13–17–201, by implication, permits a plaintiff to avoid liability for attorney fees by seeking a voluntary dismissal, by filing a stipulation of dismissal, or by confessing the C.R.C.P. 12(b)(1) motion to dismiss. *See Houdek v. Mobil Oil Corp., supra.*

Here, however, the Smiths did not seek to dismiss the action, stipulate to dismissal, nor did they confess the motion to dismiss. Thus, the exceptions set out in *Employers Insurance of Wausau v. RREEF USA Fund–II (Colorado), Inc., supra,* do not apply. In addition, a division of this court has rejected the Smiths' contention that an action brought in good faith prevents the imposition of attorney fees under § 13–17–201. *See Houdek v. Mobil Oil Corp., supra.*

■ The Smiths also contend that attorney fees may not be awarded because, at the time of dismissal, a claim was still pending as to another defendant. Therefore, they argue that the "entire action" had not been dismissed. We conclude, however, that because the entire action as to the Town had been dismissed, the Town is not precluded from obtaining its reasonable attorney fees under § 13–17–201.

■ Section 13–17–201 provides that when a defendant has any action dismissed under C.R.C.P. 12(b)(1), "such *defendant* shall have judgment for *his* reasonable attorney fees in defending the action." (emphasis added) The statute, by using the term "defendant" in the singular, necessarily applies to each defendant who has an action against it dismissed pursuant to C.R.C.P. 12(b)(1).

Moreover, the cases relied upon by the Smiths are inapposite. In each case, the party seeking attorney fees still had a claim pending against it. *See First Interstate*

*Bank v. Berenbaum,* 872 P.2d 1297 (Colo. App.1993); *Holland v. Board of County Commissioners,* 883 P.2d 500 (Colo.App. 1994).

Therefore, we conclude that the trial court erred in not awarding the Town its reasonable attorney fees. But, contrary to the Town's contention, we conclude that the trial court is not precluded from limiting its award to those fees that were necessary to resolve the issue of its subject matter jurisdiction for the reasons specified in Part III, *supra.*

That portion of the judgment denying the Town its attorney fees under § 13–17–201 is reversed, and the cause is remanded to the trial court with directions to award the Town its reasonable attorney fees. The judgment is affirmed in all other respects.

HUME and JONES, JJ., concur.