Richard ABRAHAMSON, Plaintiff–Appellant,

v.

CITY OF MONTROSE, Defendant–Appellee.

No. 02CA0649.

Colorado Court of Appeals, Div. I.

March 27, 2003.

Rehearing Denied May 22, 2003.

Certiorari Granted Sept. 22, 2003.

Woodrow & Roushar, Frank J. Woodrow, Montrose, Colorado, for Plaintiff–Appellant.

Younge & Hockensmith, P.C., Earl G. Rhodes, Grand Junction, Colorado, for Defendant–Appellee.

Opinion by Judge VOGT.

Plaintiff, Richard Abrahamson, appeals the trial court judgment dismissing his complaint against defendant, the City of Montrose, and awarding attorney fees and costs to the City. We affirm.

Plaintiff sued the City for damages, alleging that his house and garage had settled and sustained structural damage as a result of saturation of the underlying soil, which he attributed to faulty repairs made by the City to his sewer line in the fall of 1997.

The City filed a C.R.C.P. 12(b)(1) motion to dismiss for failure to comply with the requirement of the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S.2002, that notice of a claimed injury by a public entity be given within 180 days after discovery of the injury. According to the City's motion, plaintiff's deposition testimony established that he had knowledge of the claimed injury by September 1998, but he did not notify the City of his claim until October 1999, which was beyond the 180–day limit.

Plaintiff asserted in response that he had misspoken during his deposition regarding the date he discovered the injury, and he requested an evidentiary hearing. At the conclusion of the hearing, the trial court denied the City's motion. It later denied the City's second motion to dismiss, filed after additional discovery had taken place, because it concluded that a factual issue remained as to when plaintiff discovered the injury.

At the conclusion of a two-day bench trial, the trial court found that plaintiff had knowledge of the injury by August 1998, and it accordingly dismissed his complaint for failure to give notice to the City within 180 days thereafter. The court subsequently awarded the City its costs and attorney fees pursuant to § 13–17–201, C.R.S.2002.

I.

Plaintiff contends that the trial court erred in finding that he failed to give the City timely notice of his claim. We disagree.

■ The CGIA requires a person claiming to have suffered an injury by a public entity to provide written notice of the claim within 180 days after the date of the discovery of the injury, "regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury." Section 24–10–109(1), C.R.S.2002. Compliance with this requirement is a jurisdictional prerequisite to suit. *Gallagher v. Board of Trustees,* 54 P.3d 386 (Colo.2002).

■ The CGIA does not permit an injured party to ignore evidence that would cause a reasonable person to know that he or she has been injured by the tortious conduct of another. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). Thus, to start the running of the CGIA notice period, a claimant need only have discovered that he or she has been wrongfully injured, and need not yet know the cause of the injury or the extent of the damage. *See Gallagher v. Board of Trustees, supra; Morrison v. City of Aurora,* 745 P.2d 1042 (Colo.App.1987).

■ Whether a claimant has satisfied the notice requirements of § 24–10–109(1) presents a mixed question of law and fact. When there are disputed issues of fact regarding when an injury is discovered, we defer to the trial court's findings and will not set them aside unless they are clearly erroneous. *Mesa County Valley School District No. 51 v. Kelsey,* 8 P.3d 1200 (Colo.2000). Additionally, where the findings are based on testimony, we recognize that the credibility of the witnesses and the sufficiency, probative effect, and weight of all the evidence, as well as the inferences and conclusions to be drawn therefrom, are within the province of the trial court. *See Cottonwood Hill, Inc. v. Ansay,* 709 P.2d 62 (Colo.App.1985).

■ Here, although plaintiff contended that he did not discover the injury resulting from the City's alleged negligence until September 1999, there was substantial evidence presented at trial to support the court's conclusion that plaintiff in fact discovered the injury by August 1998.

Plaintiff testified that, after the City repaired a sinkhole in the alley behind his house in November 1997, he continued to have problems with slow drainage. He called a plumber in January 1998, and the plumber told him there was a sewer line problem. A second plumber, whom plaintiff called in August 1998, investigated and told him to call the City. The City then reconnected the line, and his drainage problem was fixed.

On cross-examination, plaintiff responded "yes" when asked: "Isn't it true that in August 1998, you knew that the City had done something wrong by cutting your private service line which was supposed to go into the main [sewer] line?" Plaintiff also acknowledged having testified at his deposition that: (1) he knew, when he took photos of the City workers in August 1998, that the City "had done something wrong"; (2) he had water in his basement in 1998; and (3) when a cracked window was replaced in September 1998, he thought the problem might be due to stress on the window.

The plumber whom plaintiff called in August 1998 testified that he told plaintiff that the blockage of the sewer line was at the same site where the City had repaired the sinkhole and that the line had possibly settled or been damaged during the repair. According to the plumber, he knew the cause of the backup in plaintiff's house after the City workers came out to do the repairs, and he was "sure" that plaintiff knew it as well.

Finally, a City employee who worked on the sewer line behind plaintiff's house in August 1998 testified that plaintiff had told him at that time that the corner of his shed was "falling in due to sewer . . . in the alleyway" [sic].

In light of this testimony, we cannot say that the trial court's finding that plaintiff had knowledge of the injury by August 1998 was clearly erroneous. Further, contrary to plaintiff's contention, the knowledge that he had been injured by the City's tortious conduct triggered the CGIA notice period even though he had incurred only minimal expenses as of that date. *See Morrison v. City of Aurora, supra* (no requirement that claimant be aware of full extent of damage before notice period starts to run).

## II.

Plaintiff also contends that, because the action was not dismissed until the conclusion of trial, the trial court erred in awarding attorney fees and costs to the City. Again, we disagree.

The City sought attorney fees pursuant to § 13–17–201, which states:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is *dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure*, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

(Emphasis added.) *See also* § 13–16–113(2), C.R.S.2002 (providing for award of costs to defendant in the circumstances described in § 13–17–201).

In enacting § 13–17–201, the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims. To this end, the statute requires a court to award reasonable attorney fees whenever an entire tort action is dismissed under C.R.C.P. 12(b). *See Employers Insurance v. RREEF USA Fund–II (Colorado), Inc.,* 805 P.2d 1186 (Colo.App.1991); *see also Jaffe v. City & County of Denver,* 15 P.3d 806 (Colo.App. 2000).

Before the supreme court decided *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* issues of subject matter jurisdiction in governmental immunity cases were commonly resolved under C.R.C.P. 56; thus, § 13–17–201, which by its terms is inapplicable to C.R.C.P. 56 motions, did not afford a basis for awarding attorney fees in such cases. However, *Trinity Broadcasting* authorized courts to consider evidence bearing on a C.R.C.P. 12(b)(1) motion under the CGIA without converting the motion to a summary judgment motion. In light of that holding, a division of this court concluded, in *Smith v. Town of Snowmass Village,* 919 P.2d 868 (Colo.App.1996), that fees were also recoverable under § 13–17–201 when the defendant's motion to dismiss on the basis of governmental immunity was granted after an evidentiary hearing. The division stated:

[W]hile the consequences may be harsh, we conclude that, consistent with the supreme court's analysis in *Trinity Broadcasting,* and the plain language of § 13–17–201, an award of attorney fees is mandatory when a trial court dismisses an action under the [CGIA] for lack of subject matter jurisdiction.

*Smith v. Town of Snowmass Village, supra,* 919 P.2d at 873; *see also Jaffe v. City & County of Denver, supra,* 15 P.3d at 814 (§ 13–17–201 "is applicable to a motion to dismiss under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction under the [CGIA]").

Here, after the trial court dismissed plaintiff's complaint, the City filed motions for attorney fees pursuant to § 13–17–201 and for costs under that statute, under § 13–16–122, C.R.S.2002, and under C.R.C.P. 54 and 121 as the prevailing party in the litigation. Plaintiff did not object to the reasonableness of the requested fees and costs, but contended that they were not recoverable because §§ 13–17–201 and 13–16–113 permitted an award of attorney fees and costs only if the dismissal order was entered prior to trial.

The trial court acknowledged the statutory reference to "prior to trial," but concluded that the City was nevertheless entitled to recover its attorney fees. The order awarding fees states: (1) although the court initially denied the City's two pretrial motions to dismiss, "after hearing all the evidence, the court concluded that plaintiff in fact had knowledge of his injury in excess of 180 days prior to filing his notice of intent to sue"; (2) the court thus "did dismiss the complaint based on the subject matter jurisdiction defect" raised in those motions; and (3) in those circumstances, an award of attorney fees was mandatory under *Smith v. Town of Snowmass Village, supra.*

We conclude that the trial court did not err in so ruling.

Section 13–17–201 is ambiguous, in that the phrase "prior to trial" could refer either to the time of dismissal—that is, "where any such action is dismissed prior to trial on motion of the defendant"—or to the time of the motion—that is, "where any such action is dismissed on motion of the defendant made prior to trial." We must accordingly construe the statute in a manner that will give effect to the legislative purpose underlying its enactment, and we must avoid a statutory construction that leads to an absurd result. *See* § 2–4–203, C.R.S.2002; *Colorado State Board of Medical Examiners v. Saddoris,* 825 P.2d 39 (Colo.1992).

In *Employers Insurance v. RREEF USA Fund–II (Colorado), Inc., supra,* the division upheld the trial court's refusal to assess attorney fees under § 13–17–201 when the plaintiff confessed the defendant's C.R.C.P. 12(b) motion to dismiss. The division acknowledged that a literal interpretation of § 13–17–201 would have required an award of attorney fees, but concluded that such a construction of the statute would "exalt form over substance without advancing any public policy interest, and would lead to an absurd and illogical result." *Employers Insurance v. RREEF USA Fund II (Colorado), Inc., supra,* 805 P.2d at 1188.

Similarly here, we conclude that construing the statute as plaintiff urges would lead to an absurd and illogical result.

 Well in advance of trial, the City filed a motion to dismiss based on plaintiff's deposition testimony. After plaintiff recanted that testimony and the trial court denied the motion, the City conducted further discovery and, still prior to trial, filed a second motion to dismiss. The court declined to grant the motion until it had heard the evidence presented at trial. Thus, this is not a situation in which a defendant delayed seeking dismissal and thereby incurred attorney fees that a timely motion to dismiss could have avoided.

In these circumstances, denying the City its attorney fees under § 13–17–201 would, in

our view, lead to an illogical result and would not give effect to the General Assembly's intent to deter the institution or maintenance of unnecessary litigation concerning tort claims.

Finally, we note that, for the reasons supporting an award of attorney fees under § 13–17–201, the cost award was also proper under § 13–16–113(2).

The judgment is affirmed.

Judge GRAHAM and Judge STERNBERG,* concur.