2007 OK CIV APP 33

Aaron **FELIX**, et al., **Plaintiffs/Appellants,**

v.

**LUCENT TECHNOLOGIES, INC., Defendant/Appellee.**

No. 103022.

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 8, 2006.

Certiorari Denied April 2, 2007.

James A. Ikard, Oklahoma City, OK, for Appellants.

William S. Price, Phillips, McFall, McCaffrey, McVay & Murrah, P.C., Oklahoma City, OK, and Joshua N. Dalley, Ian H. Morrison, Seyfarth Shaw, L.L.P., Chicago, IL, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Plaintiffs/Appellants Aaron Felix, et al. (Plaintiffs), seek review of the trial court's order granting the motion to dismiss of Defendant/Appellee Lucent Technologies, Inc. (Defendant) in Plaintiffs' action to recover damages for fraud. In this proceeding, Plaintiffs assert their action is not barred by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1101, et seq., § 1144, as argued by Defendant.[1] Having reviewed the record, however, the order of the trial court is affirmed.

¶ 2 Plaintiffs, four hundred and sixty-six former employees working at Defendant's Oklahoma City facility, commenced the instant action. In their fifth amended petition,

---

1. Plaintiffs' initial Petition in Error, filed January 31, 2006, did not include Exhibit "C," Issues to Be Raised on appeal. By order filed October 26, 2006, we directed Plaintiffs to file an amended Petition in Error including Exhibit C, or to show cause why the order of the trial court should not be summarily affirmed for failure to properly preserve any issue for appellate review. On November 7, 2006, Plaintiffs filed an amended Petition in Error, including Exhibit "C," and the filing of the amended Petition in Error satisfies our earlier order.

Plaintiffs alleged that, in February 2001, Defendant negotiated an early retirement package with their union providing for the payment of a termination allowance [2] plus an $11,000.00 "special pension benefit;" [3] that Defendant represented the package to them as a "one-time, non-negotiable final" offer, with no additional retirement incentives forthcoming; and that Plaintiffs, relying on Defendant's representations, accepted the offer and retired effective June 30, 2001. Plaintiffs further alleged that, contrary to Defendant's previous representations, Defendant subsequently offered its remaining employees the same early retirement package, but also included an additional cash payment of fifteen thousand dollars ($15,000.00) funded by the Defendant's employee pension plan.[4]

¶ 3 Plaintiffs then alleged Defendant "intentionally misrepresented to each [of them] the nature of the offer ... with the intent to induce each [of them] to rely upon such misrepresentations and to change their respective positions to their detriment," and that Defendant "knew at the time such misrepresentations were made that additional 'sweeteners' would be made to [further] reduce the number of [its remaining] employees in the [Oklahoma City] workforce." So, "[a]s a result of such fraud," Plaintiffs each claimed $15,000.00 in actual damages, and unspecified punitive damages on account of Defendant's "malice and ... reckless disregard for their rights."

¶ 4 Defendant filed a motion to dismiss and attached a copy of the Memorandum of Agreement between Defendant and the union concerning the early retirement package offered to and accepted by Plaintiffs, as well as copies of the Lucent Technologies Pension Plan as later amended after Plaintiffs' early retirement. Defendant asserted that Plaintiffs' claims "relate[d] to [an] employee benefit plan," and that ERISA consequently barred their state-law fraud claim. 29 U.S.C. §§ 1144(a),[5] (c)(1).[6] *See also, e.g.,* *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Lee v. E.I. DuPont de Nemours and Co.,* 894 F.2d 755 (5th Cir.1990); *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505 (10th Cir.1991). Plaintiffs responded, arguing their claims were only "tangentially" related to a pension plan, and ERISA consequently posed no bar to prosecution of their fraud claim under a state "law of general applicability." *Settles,* 927 F.2d at 509;[7] *Raymond v. Mobil Oil Corp.,* 983 F.2d 1528, 1538, n. 14 (10th Cir.1993).[8]

¶ 5 On consideration of the parties' submissions and arguments, the trial court granted Defendant's motion to dismiss "for the reasons stated in the Defendant's motion and the supporting memorandum of law and the Defendant's Reply Memorandum." Plaintiff appeals.

### I. Standard of Review

¶ 6 "A motion to dismiss for failure to state a claim upon which relief can be granted will

2. An amount equal to one hundred ten percent (110%) of the amount of termination allowance to which an employee would be entitled if laid off for lack of work up to a maximum of thirty-two (32) years of service pursuant to the employee's collective bargaining agreement.

3. Paid from the Defendant's employees' over funded pension plan, pursuant to an award of the National Labor Relations Board, and without regard to the recipient's years of service.

4. Pursuant to a further agreement between Defendant and Plaintiffs' union negotiated after Plaintiffs' retirement.

5. "Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not

exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975."

6. "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State. A law of the United States applicable only to the District of Columbia shall be treated as a State law rather than a law of the United States."

7. "ERISA does not preempt claims that are only tangentially involved with a benefit plan."

8. "... ERISA does not preempt 'if the state law has only a "tenuous, remote, or peripheral" connection with covered plans, as is the case with many laws of general applicability.' An argument could certainly be made that the fraud claims plaintiffs have made in this case are such 'laws of general applicability.' " (Citations omitted.)

not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief," and "[i]f relief is possible under any set of facts which can be established and are consistent with the allegations, a motion to dismiss should be denied." *Miller v. Miller,* 1998 OK 24, ¶ 15, 956 P.2d 887, 894. On the other hand, "[a] petition [may] be dismissed ... for lack of any cognizable legal theory or for insufficient facts under a cognizable legal theory." *Id.* We review the trial court's order dismissing an action for failure to state a claim under a de novo standard, without deference to the trial court's decision. *See, e.g., Estate of Hicks ex rel. Summers v. Urban East, Inc.,* 2004 OK 36, ¶ 5, 92 P.3d 88, 90.

### II. Complete Preemption and Conflict Preemption

¶ 7 This case was previously removed to the United States District Court, Western District of Oklahoma, and, after the federal district court granted Defendant's ERISA-based motion to dismiss, Plaintiffs appealed to the Tenth Circuit Court of Appeals. *Felix, et al. v. Lucent Technologies, Inc.,* 387 F.3d 1146 (10th Cir.2004) (*Felix I* ). Upon *de novo* review, the Tenth Circuit first distinguished between "complete preemption" under ERISA § 1132, and "conflict preemption" under ERISA § 1144. *Felix I,* 387 F.3d at 1153–1158. The Tenth Circuit recognized that an action is "completely" preempted under § 1132 and subject to federal-question removal to the United States' district courts "where the individual is entitled to such [claimed] coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated," that is, "when the state claim 'comes within the scope of that [federal] cause of action'" created and controlled by § 1132. *Felix I,* 387 F.3d at 1155, 1156. Additionally, under the express "conflict preemption" provisions of § 1144(a), the Tenth Circuit recognized that ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA, so that "a state law 'relates to' an ERISA plan, and is

thus preempted under § [1144], 'if it has a connection with or reference to such a plan.'" *Felix I,* 387 F.3d at 1153–1154.

¶ 8 On these bases, the Tenth Circuit concluded that Plaintiffs' state law fraud claims did not fall within the scope of the complete preemption provisions of § 1132(a)(1) as to invoke the federal court's subject matter jurisdiction, reversed the order of the federal district court dismissing the case, and remanded "with instructions to remand this case to the state court." *Felix I,* 387 F.3d at 1162, 1167. However, the Tenth Circuit specifically withheld a determination of whether the conflict preemption provisions of § 1144 applied, holding "the state court will be free to consider dismissal under [§ 1144's] ... preemption provision, [an] issue ... not properly before us." *Felix I,* 387 F.3d at 1163.

### III. Preemption of Plaintiffs' State Law Claims under § 1144

¶ 9 We are now called on to address the issue left open by the Tenth Circuit, and decided by the trial court on Defendant's post-remand motion to dismiss, that is, whether Plaintiffs' state law fraud claim is preempted by ERISA, § 1144. On the issue of § 1144 preemption, the Oklahoma Supreme Court has observed:

.... [ERISA] contains one of the broadest preemption clauses ever enacted by Congress. ERISA provisions supersede any and all state laws insofar as they now or hereafter relate to any employee benefit plan. Congress has expressed an exclusive federal interest in regulating employee benefit plans. The breadth of ERISA's preemption clause often results in plan beneficiaries or participants being left without a meaningful remedy....

*Hollaway v. UNUM Life Ins. Co. of America,* 2003 OK 90, ¶ 27, 89 P.3d 1022, 1031. (Footnotes omitted.) As the Tenth Circuit more fully explained in *Felix I:*

Section 514 of ERISA, codified at 29 U.S.C. § 1144, contains an express preemption provision that provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter

relate to any employee benefit plan" covered by ERISA. The Supreme Court has "observed repeatedly that this broadly worded provision is 'clearly expansive.'" "But at the same time, [the Court has] recognized that the term 'relate to' cannot be taken 'to extend to the furthest stretch of its indeterminacy,' or else 'for all practical purposes pre-emption would never run its course.'"

The Court has held that a state law "relates to" an ERISA plan, and is thus preempted under [§ 1144], "if it has a connection with or reference to such a plan.".... This preemption provision does not apply "if the state law has only a tenuous, remote, or peripheral connection with covered plans, as is the case with many laws of general applicability."

387 F.3d at 1152–53. (Citations omitted.)

■ ¶ 10 In this respect, "common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee

benefit plan." *Settles,* 927 F.2d at 509. Although there is authority otherwise,[9] the vast majority of both state and federal courts hold that ERISA bars a state law fraud claim based on allegations of the employee's detrimental reliance on an employer's intentional misrepresentation of benefits available under an early retirement plan. *See, e.g., Lee,* 894 F.2d at 757–758; *Wilcott v. Matlack, Inc.,* 64 F.3d 1458, 1464 (10th Cir.1995) [10]; *Milton v. Scrivner, Inc.,* 53 F.3d 1118, 1121, fn. 3 (10th Cir.1995); [11] *Houdek v. Mobil Oil Corp.,* 879 P.2d 417, 422–423, 424 (Colo.App.1994).[12]

¶ 11 Plaintiffs attempted to distinguish these cases, first arguing that they did not seek benefits under their pension plan, but rather, damages for Defendant's fraudulent misrepresentation concerning the extent of benefits available or to be available to early retirees, a claim wholly separate and distinct from, and only tangentially related to, a claim to recover pension plan benefits. Plaintiffs also asserted ERISA specifically

---

9. *See, e.g., Hill v. Ford Motor Co.,* 183 Mich.App. 208, 454 N.W.2d 125, 127–128 (1989) ("[B]ecause plaintiff's misrepresentation claim is based upon representations independent of the plan itself, and does not seek actual benefits under the plan, the claim will not alter the level of benefits paid out under a plan from state to state, nor will it alter the terms of the plan. Further, because plaintiff's claim is against the employer, there is no danger that the fiduciary will be subjected to claims other than those provided in the ERISA. Finally, there is no fiscal, administrative or legal burden imposed on an employee benefit plan by requiring that the employer refrain from misrepresenting the availability of benefits"; "Thus, ..., we are unable to conclude that plaintiff's misrepresentation claim 'relates to' defendant's employee benefit plan. As a result, plaintiff's state law claim is not preempted by the ERISA. Accordingly, the trial court did not err in denying defendant's motion for summary disposition with respect to this claim.")

10. "The tie between [plaintiff's] allegations [of fraudulent misrepresentation] and the ERISA plan is plain and substantial. Defendants' alleged misrepresentations relate directly to the nature of plaintiff's rights under the plan-i.e., whether employee disability benefits are secured by guarantees against adverse employment consequences. Further, to establish defendants' liability, plaintiff would have to show the reasonableness of his reliance on the alleged misrepresentations regarding disability-leave rights, which would require resort to the

terms of the ERISA plan. 'Because the court's inquiry must be directed to the plan, th[ese] ... cause[s] of action 'relate[ ] to' an ERISA plan' and, therefore, are preempted." (Citation omitted.)

11. "In her disposition of th[is] case, the district judge held that, to the extent plaintiff was alleging fraud with the intent to deprive plaintiff of retirement benefits, such claims were preempted by ERISA. This is undeniably correct...." (Citations omitted.)

12. "[T]he adjudication of plaintiffs' claims that they were fraudulently induced to take early retirement would involve examining, at a minimum, the operation and funding of the retirement plan prior to the eligibility changes, the language of the amendments to the retirement plan, and [the defendant/employer's] communication to plaintiffs concerning the terms of the retirement plan amendments. We are unable to discern how a court could determine the merits of these claims without engaging in a close analysis of the details of the operation of the [employer's] retirement plan"; "Therefore, although the state law claims asserted here represent typically significant functions of state law not designed specifically to affect pension plans, the claims are nonetheless preempted because they would have more than an incidental effect upon the ERISA plan or upon relations among the principal ERISA entities involved." (Citations omitted.)

did not preempt a claim of fraud, a state law of "general application."

¶ 12 We are unpersuaded these distinctions affect the trial court's disposition. Regardless of the theory of recovery, Plaintiffs seek actual damages in a sum equivalent to a *pension benefit*, negotiated by the union representing Defendant's employees *after* Plaintiffs accepted early retirement benefits negotiated by the same union. Under these circumstances, it appears to us "[t]he fact that the [subsequent early retirement] program was not adopted until after the [P]laintiffs' retirement is irrelevant to this suit's character as an action that relates to their former employer's pension plan," and "[t]he tie between [Plaintiffs'] allegations [of fraudulent misrepresentation] and the ERISA plan is plain and substantial." *Lee*, 894 F.2d at 758; *Wilcott*, 64 F.3d at 1464. "[T]o establish [Defendant's] liability, [P]laintiff[s] would have to show the reasonableness of th[eir] reliance on the alleged misrepresentations regarding" future early retirement benefits, which, in our opinion, "would require resort to the terms of the ERISA plan," and would necessarily include an examination of "the operation and funding of the retirement plan prior to the ... changes, the language of the amendments to the retirement plan, and [Defendant's] communication to [P]aintiffs concerning the terms of the retirement plan amendments." *Wilcott*, 64 F.3d at 1464; *Houdek*, 879 P.2d at 422–423. In short, "[w]e are unable to discern how a court could determine the merits of [Plaintiffs'] claims without engaging in a close analysis of the details of the operation of the [Defendant's] retirement plan." *Houdek*, 879 P.2d at 423.

## IV. Conclusion

¶ 13 Because Plaintiffs' fraud claims require an examination of the terms of the Defendant's pension plan, the negotiations for plan amendments with the union, and the extent and reasonableness of Plaintiffs' reliance on Defendant's representations, we hold Plaintiffs' fraud claim is barred by ERISA. The trial court did not err in dismissing Plaintiffs' action. The order of the trial court granting Defendant's motion to dismiss is AFFIRMED.

BELL, P.J., and HANSEN, J., concur.