Misty **PACINO**, Plaintiff–Appellant,

v.

Manuel **SANCHEZ**, Defendant–Appellee.

No. 89CA1857.

Colorado Court of Appeals, Div. IV.

Dec. 20, 1990.

Rehearing Denied Feb. 21, 1991.

Colorado Rural Legal Services, Inc., Roberta Jean Early, La Junta, for plaintiff-appellant.

Law Offices of George C. Price, George C. Price, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Misty Pacino, appeals from the summary judgment dismissing her complaint against defendant, Manuel Sanchez, for failure to give notice under the Governmental Immunity Act. We reverse and remand.

The complaint alleged that in April 1988 defendant committed a battery upon plaintiff by touching her without provocation or permission and attempting to kiss her. The complaint also alleged that, at all times mentioned in the complaint, defendant was employed as a teacher by the Crowley County School District. Plaintiff's first claim for relief alleged that defendant's acts were willful, wanton, malicious, and intentional. The complaint also included four other claims for relief allegedly involving sexual overtures by defendant toward plaintiff occurring in May 1987 and May 1988 which were intentional, extreme, and outrageous and caused plaintiff emotional suffering and distress.

Defendant's answer asserted, as an affirmative defense, that all of plaintiff's claims for relief were barred by her failure to comply with the notice provisions of the Governmental Immunity Act, § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). Defendant also filed a motion for dismissal and summary judgment, asserting that, on the occasions alleged in the complaint, he was acting in the course and within the scope of his employment either as a volunteer for the Crowley County Sheriff's Department or as a teacher for the Crowley County School District and that the plaintiff had failed to provide notice of any of her claims as required by § 24–10–109, C.R.S. (1988 Repl.Vol. 10A).

The trial court concluded that the notice of claim required by § 24–10–109, C.R.S. (1988 Repl.Vol. 10A) must be given whenever claim is made against a public employee for matters allegedly occurring in the course of his employment, even if the alleged acts were willful and wanton and even if no relief is sought from the public employer. Because the notice had not been given, the trial court granted defendant's motion for summary judgment.

Relying on § 24–10–118(1), C.R.S. (1988 Repl.Vol. 10A), plaintiff contends that an action against a public employee for willful and wanton conduct is not subject to the notice provisions of the Governmental Immunity Act. We agree.

Section 24–10–118(1), C.R.S. (1988 Repl.Vol. 10A) provides, in relevant part, as follows:

"Any action against a public employee ... which lies in tort or could lie in tort ... and which arises out of injuries sustained from an action or omission of such employee which occurred or is alleged in the complaint to have occurred during the performance of his duties and within the scope of his employment, *unless the act or omission causing such injury was willful and wanton,* shall be subject to the following requirements and limitations.....

(a) Compliance with the provisions of section 24–10–109, in the forms and within the times provided by section 24–10–109, shall be a jurisdictional prerequisite to any such action against a public employee, and failure of compliance shall forever bar any such action against a public employee...." (emphasis supplied)

The notice provision in § 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A) requires that:

"Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury.... Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action."

If possible, a statute is to be construed as a whole to give consistent, harmonious, and sensible effect to all of its parts. *City of Ouray v. Olin,* 761 P.2d 784 (Colo.1988). However, if a general statutory provision irreconcilably conflicts with a special provision, the special provision prevails as an exception to the general provision. Section 2–4–205, C.R.S. (1980 Repl.Vol. 1B).

Here, § 24–10–109(1) is the general provision which does not contain an exception for actions arising out of willful or wanton acts. Section 24–10–118(1) does contain such an exception. We construe § 24–10–118(1) to be a special provision which specifically addresses the notice required in actions against public employees. To the extent that § 24–10–118(1) excuses notice where "the act or omission causing such injury was willful and wanton," that section prevails as an exception to the general provision. *See* § 2–4–205, C.R.S. (1980 Repl.Vol. 1B). We thus conclude that the trial court erred in failing to consider § 24–10–118(1) and that, under the circumstances here, compliance with the provisions of § 24–10–109(1) is not required if the act or omission causing the alleged injury was willful and wanton. *See also* § 24–10–105, C.R.S. (1988 Repl.Vol. 10A).

Accordingly, the summary judgment is reversed, and the cause is remanded for reinstatement of plaintiff's complaint.

CRISWELL and DAVIDSON, JJ., concur.