**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MYLENE RAE ZERR,

      Plaintiff-Appellee,

v.

NANCY JO JOHNSON; ADAMS COUNTY
SCHOOL DISTRICT NO. 12,

      Defendants-Appellants.

--------------------------

THEMIA E. SANDVEN,

      Attorney-Appellee.

No. 96-1169
(D.C. No. 92-K-2148)
(D. Colo.)

**ORDER AND JUDGMENT**[1]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

---

[1] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Appellants Adams County School District No. 12 ("the School District") and Nancy Jo Johnson appeal the district court's order denying their request for an award of attorneys' fees. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 (1994).[1]

---

[1] The appellants' notice of appeal, filed April 18, 1996, seeks to appeal both the district court's November 20, 1995 order denying the appellants' motion for attorneys' fees and the district court's March 19, 1996 order denying the appellants' motion for reconsideration. On June 6, 1996, this court entered a show-cause order directing the appellants to demonstrate this court's jurisdiction to review the district court's order denying attorneys' fees. After the parties submitted memorandum briefs on the jurisdictional issue, this court entered an order on December 18, 1996, reserving judgment on the issue.

Having thoroughly considered the issue, we now conclude we may exercise jurisdiction over the appellants' appeal. Fed. R. App. P. 4(a) requires a notice of appeal in a civil action to be filed within thirty days after the entry of the order appealed from. In the present case, appellants' notice of appeal was filed April 18, 1996, almost five months after the district court's November 20, 1995 order denying attorneys' fees. Thus, it would appear the appellants' notice of appeal was untimely.

However, the district court's November 20, 1995 order was insufficient to trigger the thirty-day appeal time period. Under Fed. R. Civ. P. 58, every judgment of the district court is required to be "set forth on a separate document." In order to trigger the appeal process, "[a] separate document constituting the court's final judgment [is] needed." *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992). Because the district court in the present case did not enter a separate judgment document that satisfied the requirements of Rule 58, the order remained appealable. *See id.*; *see also Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993) (although separate judgment document not required for a district court order to become appealable, failure to file a formal judgment causes district court order to

On October 30, 1992, elementary school teacher Mylene Rae Zerr initiated a defamation action against the School District (her former employer), and against Ms. Johnson (her former principal). Ms. Zerr brought the action pursuant to the court's diversity jurisdiction under 28 U.S.C. § 1332 (1994). In her second amended complaint, Ms. Zerr alleged she was defamed by "willful and wanton acts" on the part of Ms. Johnson. Specifically, Ms. Zerr alleged Ms. Johnson prevented her from being hired by the Anchorage, Alaska school district by providing a false negative rating of Ms. Zerr's teaching abilities/qualifications.

The School District filed a motion to dismiss Ms. Zerr's complaint pursuant to Fed. R. Civ. P. 12(b). The School District alleged, *inter alia*, it was immune from suit pursuant to the Colorado Governmental Immunity Act, Colo. Rev. Stat. §§ 24-10-101 to 120 (1988 & Supp. 1993). At a hearing before the district court, Ms. Zerr "confessed" to the School District's motion to dismiss. Thereafter, on December 15, 1993, Ms. Zerr and the School District filed a joint stipulation of dismissal that provided for the dismissal, with prejudice, of the School District from the action. In the stipulation of dismissal, the School District reserved its right to assert a claim for attorneys' fees.

---

remain appealable). We therefore have jurisdiction over the appellant's appeal.

Also in December 1993, Ms. Johnson filed a motion to dismiss Ms. Zerr's complaint pursuant to Fed. R. Civ. P. 12(b)(1). Ms. Johnson claimed the district court should dismiss Ms. Zerr's complaint for lack of subject matter jurisdiction. In a Memorandum Opinion and Order, the district court determined the jurisdictional issue Ms. Johnson raised in her motion to dismiss was intertwined with the merits of Ms. Zerr's underlying claim for defamation.[2] Consequently, the court treated Ms. Johnson's motion to dismiss as a motion for summary judgment. Because Ms. Zerr averred no facts from which "wilfulness and wantonness" on Ms. Johnson's part could be inferred, and because there was no evidence in the record to support Ms. Zerr's contention that Ms. Johnson acted "willfully and wantonly," the court granted summary judgment in favor of Ms. Johnson. The court noted Ms. Zerr's failure to allege facts for which wilfulness and wantonness could be inferred also required dismissal of Ms. Zerr's action for lack of subject matter jurisdiction under Colo. Rev. Stat § 24-10-110(5)(a) (Supp. 1993) (requiring plaintiff to assert specific factual basis of willful and wanton allegations in action against public employee).

Following entry of summary judgment, the School District and Ms. Johnson

---

[2] The court found Ms. Zerr's assertion that Ms. Johnson's conduct was willful and wanton to be a jurisdictional issue as well as an element of Ms. Zerr's defamation claim.

requested the district court to enter an award of attorneys' fees in their favor. However, on November 20, 1995, the court denied their request.[3]

The School District argues on appeal the district court erred by failing to award the School District attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201 (1987). Ms. Johnson argues the district court erred by failing to award Ms. Johnson attorneys' fees under Colo. Rev. Stat. § 13-17-201 or Colo. Rev. Stat. § 24-10-110(5) (1988) (amended 1992). Generally, we review the denial of an award of attorneys' fees for an abuse of discretion. *See J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1472 (10th Cir. 1985). However, we review *de novo* any statutory interpretation or other legal analysis that provides the basis for a denial of a fee award. *Supre v. Ricketts,* 792 F.2d 958, 961 (10th Cir. 1986).

The School District argues the district court erred by failing to award the School District attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201. This statute provides:

In all actions brought as a result of a death or an injury to person or property

---

[3] In denying the request for attorneys' fees, the district court noted its previous finding that it lacked subject matter jurisdiction over Ms. Zerr's claim due to her failure to plead the factual basis for her willful and wanton allegations was in error. The court determined the heightened pleading requirements set forth in Colo. Rev. Stat § 24-10-110(5)(a) were enacted in 1992 and inapplicable to Ms. Zerr.

occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.  This section shall not apply if a motion under rule 12(b) ... is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

Col. Rev. Stat. § 13-17-201.[4]  The statute, which the Colorado legislature enacted to

"discourage unnecessary litigation of tort claims," applies not only to tort actions

involving death or injury to person or property, but also to tort actions involving mere

economic injury.  *Houdek v. Mobil Oil Corp.*, 879 P.2d 417, 424 (Colo. Ct. App. 1994),

*cert. denied*, 513 U.S. 1150 (1995).


Colorado courts have held a plaintiff may avoid liability for attorneys' fees under

§ 13-17-201 "by seeking a voluntary dismissal or by filing a stipulation of dismissal, or by

confessing to a defendant's motion to dismiss under [Rule] 12(b)."  *Houdek*, 879 P.2d at

425; *Employers Ins. of Wausau v. RREEF USA Fund-II (Colorado), Inc.*, 805 P.2d 1186,

1188 (Colo. Ct. App. 1991).  For example, in *Wausau*, the Colorado Court of Appeals

determined the plaintiff was not liable for attorneys' fees under § 13-17-201 because the

---

    [4]  Although § 13-17-201 only specifically applies where an action is dismissed under Rule 12(b) of the *Colorado Rules of Civil Procedure*, we believe the statute is equally applicable where a federal diversity tort claim brought pursuant to Colorado law is dismissed pursuant to Fed. R. Civ. P. 12(b).  Indeed, Ms. Zerr appears to concede § 13-17-201 applies under such circumstances.

plaintiff filed a confession to the defendant's Rule 12(b) motion to dismiss.  805 P.2d at 1188.

In the present case, Ms. Zerr filed a response contesting the School District's motion to dismiss, and the School District then filed a reply in support of its motion to dismiss.  Thereafter, Ms. Zerr confessed to the School District's motion to dismiss and filed a stipulation of dismissal of her claims against the School District.  Based upon Ms. Zerr's "confession," the district court determined Ms. Zerr was not liable for attorneys' fees under § 13-17-201.  The School District now contends this determination was erroneous.  Relying on *Wausau*, the School District asserts the court must award attorneys' fees where, as here, a "defendant is forced to expend additional efforts beyond the filing of its motion [to dismiss].  *Id.*

In *Wausau*, the Colorado Court of Appeals stated § 13-17-201 was not intended to apply in circumstances where a plaintiff confesses to a motion to dismiss "in such a manner that defendant is not required to expend additional efforts beyond the filing of its motion."  *Id.*  However, *Wausau* did not hold that a plaintiff who confesses to a motion to dismiss is *only* immune from liability for attorneys' fees where the plaintiff's confession occurs before the defendant expends additional resources beyond the filing of the motion to dismiss.  In fact, subsequent to *Wausau*, in *Houdek*, the Colorado Court of Appeals

7

specifically held § 13-17-201 "allows a plaintiff to escape liability for attorney fees by ... filing a stipulation of dismissal, or by confessing to a defendant's motion to dismiss under [Rule] 12(b)." *Wausau*, 879 P.2d at 425. The court did not limit this exception to situations where the confession or stipulation of dismissal is filed immediately following the motion to dismiss. *Id.* Thus, in the present case, because Ms. Zerr confessed to the School District's motion to dismiss and filed a voluntary dismissal of her claims against the School District, the trial court properly held the School District was not entitled to attorneys' fees pursuant to § 13-17-201. The School District's expenditure of additional resources beyond the filing of its motion to dismiss does not alter this result.[5]

Ms. Johnson contends the district court erred by failing to award her attorneys' fees

---

[5] The School District also contends it is entitled to an award of attorneys' fees under § 13-17-201 because Ms. Zerr stipulated the dismissal of her action against the School District was equivalent to the district court having granted the School District's motion to dismiss. It is true Ms. Zerr stipulated to dismissal of her action against the School District "as if the [School] District's Motion to Dismiss based upon the Colorado Governmental Immunity Act had been granted after full contest." It is also true the School District "specifically reserve[d] the right to assert its claim for an award of attorney's fees ... based upon the Motion to Dismiss, as if the Motion to Dismiss had been granted upon the merits after fully contested hearing." However, the fact remains Ms. Zerr confessed to the motion to dismiss and voluntarily dismissed her claims against the School District. Under existing Colorado law, these actions by Ms. Zerr served to protect her against an award of attorneys' fees under § 13-17-201. *Houdek*, 879 P.2d at 425. The fact the School District reserved its right to an award of attorneys' fees, and the fact Ms. Zerr stipulated to the dismissal of her claims "as if the ... Motion to Dismiss ... had been granted," is of no consequence.

pursuant to either § 13-17-201 or § 24-10-110. We first review whether the court erred by denying her an award under § 13-17-201. As stated, a defendant is not entitled to attorneys' fees under § 13-17-201 where "a motion under rule 12(b) ... is treated as a motion for summary judgment and disposed of as provided in rule 56." Colo. Rev. Stat. § 13-17-201. The district court determined the jurisdictional issue raised in Ms. Johnson's Rule 12(b) motion was intertwined with the merits of Ms. Zerr's defamation claim. Consequently, the court treated Ms. Johnson's Rule 12(b) motion as a motion for summary judgment and entered summary judgment in favor of Ms. Johnson. Because it treated the Rule 12(b) motion as a motion for summary judgment, the court determined Ms. Johnson was not entitled to an attorneys' fee award under § 13-17-201.

Ms. Johnson contends this determination was erroneous for several reasons. First, Ms. Johnson argues Ms. Zerr failed to provide timely notice of her defamation claim in accordance with Colo. Rev. Stat. § 24-10-109(1) (Supp. 1993). Under § 24-10-109(1), as amended in 1992, a plaintiff suing under the Governmental Immunity Act must file written notice of her claim within 180 days of the discovery of the injury. Compliance with § 24-10-109(1) is a jurisdictional prerequisite to any action brought under the Governmental Immunity Act. Colo. Rev. Stat § 24-10-109(1). Here, Ms. Johnson argues Ms. Zerr's failure to provide timely notice of her claim mandated dismissal of her claim for lack of subject matter jurisdiction, and entitled Ms. Johnson to an award of attorney's

fees under Colo. Rev. Stat. § 13-17-201.

Prior to its amendment in 1992, Colo. Rev. Stat. § 24-10-109(1) provided "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof ... shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury." Colo. Rev. Stat. § 24-10-109(1) (1988). In *Pacino v. Sanchez*, 807 P.2d 1231, 1233 (Colo. Ct. App. 1990), the Colorado Court of Appeals held an action based on willful and wanton conduct is not subject to the notice requirements of § 24-10-109(1). The court determined Colo. Rev. Stat. § 24-10-118 (1988) (amended 1992) excuses notice where the act causing injury was willful and wanton. *Id.* Following *Pacino*, in 1992, the Colorado General Assembly amended §§ 24-10-109(1) and 24-10-118(1) to require notice where an action alleging willful and wanton conduct is filed against a public entity or public employee. *See* Colo. Rev. Stat. §§ 24-10-109(1), 24-10-118(1) (Supp. 1993). However, the Colorado General Assembly specifically provided that the amendments "shall take effect July 1, 1992, and shall apply to injuries occurring on or after said date." H.B. 92-1291 § 8, 58th Leg., 2d. Reg. Sess. (Colo. 1992).

In the present case, Ms. Zerr's defamation claim was based on statements Ms. Johnson allegedly made in December 1989. Thus, the amendments to §§ 24-10-109(1)

10

and 24-10-118(1) do not apply to this case. Because Ms. Zerr alleged willful and wanton conduct by Ms. Johnson, the governing law did not require Ms. Zerr to provide Ms. Johnson with notice of her claims. *See Pacino*, 807 P.2d at 1233. Consequently, Ms. Zerr's failure to provide notice did not deprive the district court of subject matter jurisdiction and require the court to dismiss Ms. Zerr's action pursuant to Ms. Johnson's Rule 12(b)(1) motion.[6]

Ms. Johnson also argues the district court's decision to treat her motion to dismiss as a motion for summary judgment was improper under *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 924-25 (Colo. 1993) (en banc). Ms. Johnson contends *Trinity* required the district court to grant her motion to dismiss pursuant to Rule

---

[6] Ms. Johnson contends the 1992 amendments to §§ 24-10-109(1) and 24-10-118(1) served to clarify the legislature's intent to require notice for all claims against public employees, including claims alleging wanton and willful conduct. Hence, Ms. Johnson contends Ms. Zerr's claims were subject to the notice requirements. Notwithstanding Ms. Johnson's contentions, we do not believe the Colorado General Assembly was merely clarifying law in amending §§ 24-10-109(1) and 24-10-118(1). At the time of these amendments, the Colorado Court of Appeals had clearly defined the relevant law. Claims against public employees alleging wanton and willful conduct were not subject to the notice provisions of the Governmental Immunity Act. *See Pacino*, 807 P.2d at 1233. If the legislature had simply sought to clarify existing law by amending the notice statutes, it would not have provided that the amendments were to take effect on July 1, 1992. We believe the fact the law was made applicable only to injuries occurring on or after July 1, 1992 evinces a legislative intent to change existing law, not clarify it. Thus, Ms. Zerr's defamation claim against Ms. Johnson was not subject to the notice provisions of §§ 24-10-109(1) and 24-10-118(1), as amended.

12(b), thus entitling her to an award of attorneys' fees under § 13-17-201. In *Trinity*, the trial court granted summary judgment in favor of the defendant because it determined the plaintiff did not provide the defendant with proper notice of its claims under the Governmental Immunity Act. 848 P.2d at 925-26. The Colorado Supreme Court reversed the grant of summary judgment, concluding the trial court should have treated the defendant's motion for summary judgment as a motion to dismiss for lack of subject matter jurisdiction. *Id.* at 925. The court cited *Cizek v. United States*, 953 F.2d 1232 (10th Cir. 1992), for the proposition that the issue of whether notice was properly given is properly handled under Rule 12(b)(1) rather than Rule 56. *Id.*

We interpret *Trinity* as merely requiring the trial court to decide the issue of whether notice was properly given under Rule 12(b)(1), rather than Rule 56. We do not read the case as creating a blanket rule requiring all issues raised in a Rule 12(b)(1) motion to be decided under Rule 12(b)(1). With this in mind, we now turn to the district court's actions in the present case.

In its order of July 28, 1995, the district court determined the issue of whether Ms. Zerr alleged sufficient facts to support her allegations of willfulness and wantonness to be intertwined with the merits of her underlying defamation claim. Consequently, the court converted Ms. Johnson's motion to dismiss into a motion for summary judgment. In

12

granting summary judgment for Ms. Johnson, the court did not reach the issue of proper

notice. Instead, the court determined there was no evidence in the record to support Ms.

Zerr's allegations of willfulness and wantonness and, consequently, granted summary

judgment in favor of Ms. Johnson.[7]

Because the court did not reach the issue of notice under § 24-10-109, *Trinity* is

inapplicable.[8] Moreover, as we determined in this case on direct appeal, the district court

acted properly in converting the motion to dismiss into a motion for summary judgment.

*Zerr v. Johnson*, 1996 WL 227235 at *2, No. 95-1406 (10th Cir. 1996). Such conversion

is supported by prevailing case law, *see Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th

Cir.) (where "jurisdictional question is intertwined with the merits of the case, the issue

should be resolved under 12(b)(6) or Rule 56"), *cert. denied*, 484 U.S. 986 (1987), and in

any event, our prior determination that the conversion was proper may not be overruled

---

[7] As previously noted, the district court also concluded it lacked subject matter jurisdiction over Ms. Zerr's action because she alleged no facts from which willfulness and wantonness could be inferred. However, in its November 20, 1995 order denying attorneys' fees, the court determined this finding was in error.

[8] Moreover, as we have already determined, Ms. Zerr was not required to comply with the notice provisions of the Governmental Immunity Act because she alleged willful and wanton conduct. *See supra*. Therefore, even if the court had reached the notice issue, and properly dealt with it pursuant to Rule 12(b)(1), the court would have denied the motion to dismiss for lack of notice. Obviously, a denial of Ms. Johnson's motion to dismiss would not have entitled Ms. Johnson to an award of attorneys' fees. *See* § 13-17-201.

by this panel. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) ("We cannot overrule the judgment of another panel of this court ... absent en banc reconsideration or a superseding contrary decision by the Supreme Court."), *cert. denied*, 513 U.S. 807 (1994). We thus find no merit to Ms. Johnson's argument that *Trinity* precluded the district court from converting Ms. Johnson's motion to dismiss into a motion for summary judgment.

Ms. Johnson also argues the court's determination in its summary judgment order that Ms. Zerr could not establish subject matter jurisdiction entitles Ms. Johnson to attorneys' fees under § 13-17-201. We disagree. Section 13-17-201 specifically provides a defendant is not entitled to an award of attorneys fees under that provision where a Rule 12(b) motion is treated as a motion for summary judgment and granted. Here, as previously determined, the trial court acted properly in converting Ms. Johnson's Rule 12(b) motion into a motion for summary judgment. Thus, under the plain language of § 13-17-201, Ms. Johnson is not entitled to an award of attorneys' fees.[9]

---

[9] Furthermore, the district court erred in determining it lacked subject matter jurisdiction over Ms. Zerr's action because Ms. Zerr failed to plead the factual basis for her willful and wanton allegations. Colo. Rev. Stat. § 24-10-110(5)(a) (Supp. 1993) provides that "[i]n any action in which allegations are made that an act or omission of a public employee was willful and wanton, the specific factual basis of such allegations shall be stated in the complaint." However, this provision was added in 1992 and made applicable only to claims arising out of injuries occurring on or after July 1, 1992. *See* H.B. 92-1291 § 8, 58th Leg., 2d Reg. Sess. (Colo. 1992). As previously noted, Ms. Zerr's defamation claim was based on statements Ms. Johnson made in December 1989. Thus, amended § 24-10-110(5)(a) did not apply to Ms. Zerr'court's determination that it lacked subject matter jurisdiction over Ms. Zerr's complaint because she failed to comply with § 24-10-110(5)(a), as

Next, Ms. Johnson argues the court had no subject matter jurisdiction over Ms. Zerr's claim because Ms. Zerr lacked any evidence to support her willful and wanton allegations. Ms. Johnson apparently contends that because the court therefore lacked subject matter jurisdiction, its entry of summary judgment was improper and the suit should have been dismissed pursuant to Ms. Johnson's motion to dismiss, thus entitling Ms. Johnson to attorneys' fees. We find no merit to this contention, either. The fact Ms. Zerr had no evidence of willful and wanton conduct did not deprive the court of subject matter jurisdiction or preclude the district court from treating the motion to dismiss as a motion for summary judgment. If anything, this fact made the entry of summary judgment even more appropriate. *See* Fed. R. Civ. P. 56. Because the court properly treated the motion to dismiss as a motion for summary judgment, and because the court granted summary judgment in Ms. Johnson's favor, Ms. Johnson is not entitled to attorneys' fees under § 13-17-201.[10]

Finally, Ms. Johnson contends the district court erred by denying her an award of

---

amended, was in error. Indeed, the district court acknowledged its error in its order denying the appellants' request for attorneys' fees.

[10] To the extent Ms. Johnson argues Ms. Zerr was required to plead the factual basis of her willful and wanton allegations to establish subject matter jurisdiction under the Governmental Immunity Act, we find this argument to be without merit. *See supra* n.9.

attorneys' fees under Colo. Rev. Stat. § 24-10-110(5).  This section provided, prior to the

1992 amendments:

> In any action against a public employee in which exemplary damages are
> sought based on allegations that an act or omission of a public employee
> was willful and wanton, if the plaintiff does not substantially prevail on his
> claim that such act or omission was willful and wanton, the court shall
> award attorney fees against the plaintiff and in favor of the public employee
> unless the court determines it is unjust.

Colo. Rev. Stat § 24-10-110(5) (1988).[11]


In the case at bar, the district court determined it would be unjust to assess

attorneys' fees against Ms. Zerr pursuant to § 24-10-110(5).  The court noted Ms. Zerr had

previously incurred costs as a result of Ms. Johnson's "obdurate and hypertechnical efforts

to evade service."  Furthermore the court found Ms. Zerr's "claims were not frivolous, her

conduct reasonable, and her aim the vindication of rights she believed had been violated

by [Ms. Johnson]."  Having thoroughly reviewed the district court's findings, as well as

the entire record, we conclude the trial court did not abuse its discretion in concluding an

award of attorneys' fees against Ms. Zerr would be unjust, and in denying such an award

under § 24-10-110(5).

---

[11] The 1992 amendments to § 24-10-110(5) repealed the phrase "unless the court determines it is unjust."  Colo. Rev. Stat. § 24-10-110(5)(c) (Supp. 1993).  However, the amended § 24-10-110(5)(c) does not apply to Ms. Zerr.  *See* H.B. 92-1291 § 8, 58th Leg., 2d Reg. Sess. (Colo. 1992) (amendment "shall apply to injuries occurring on or after [July 1, 1992]").

Based on the foregoing reasons, we **AFFIRM** the district court's order denying the School District and Ms. Johnson an award of attorneys' fees.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge