**Rodney Paul WILLIAMS and Jo-Maria Gatewood, a/k/a Jo-Maria Gatewood-Williams, individually and as husband and wife, Plaintiffs-Appellants,**

v.

**FARMERS INSURANCE GROUP, INC., a California corporation, and Mid-Century Insurance Company, a California corporation, Defendants-Appellees.**

**No. 84CA0714.**

Colorado Court of Appeals, Div. I.

Dec. 12, 1985.

Rehearings Denied Jan. 23, 1986.

Certiorari Denied June 16, 1986.

Pryor, Carney and Johnson, P.C., Thomas L. Roberts, W. Randolph Barnhart, Englewood, Carol E. Gilman, Denver, for plaintiffs-appellants.

Hall & Evans, Arthur R. Karstaedt, III, Eugene O. Daniels, Thomas N. Alfrey, Denver, for defendants-appellees.

BABCOCK, Judge.

Plaintiffs, Rodney Paul Williams and Jo-Maria Gatewood, appeal the judgment notwithstanding the verdict entered on motion of defendant Farmers Group, Inc., against plaintiffs on all claims and on motion of defendant Mid-Century Insurance Co. against plaintiffs on their claim for bad faith breach of insurance contract. We reverse and remand with directions.

Plaintiffs' complaint against defendants stated claims for personal injury protection (PIP) benefits and treble damages under the Colorado No-Fault Act, § 10–4–701, et seq., C.R.S., for damages for bad faith breach of an insurance contract, and for damages for outrageous conduct. At the conclusion of a lengthy trial, a jury verdict was returned on December 22, 1983, which awarded plaintiffs PIP benefits and treble damages under the no-fault act, and damages for emotional distress on the bad faith breach of contract claim. The trial court gave the parties "thirty days to file any motions."

Defendants filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial on January 20, 1984. Following hearing on defendants' motion, the trial court took the matter under advisement. Approximately one month later, the trial court issued its order granting defendants' motion for judgment notwithstanding the verdict or, if that ruling were to be reversed on appeal, for new trial as to treble damages under the no-fault act and as to bad faith breach of contract. The trial court denied the motion as to the award of PIP benefits.

The trial court's order embodied statements of fact which either had not been offered at trial or were not contained in the record. Its conclusions of law were based, at least in part, on these statements of fact. When plaintiffs' counsel questioned the origin of these facts, he learned for the first time that the trial court's order had been prepared by defense counsel at the request of the trial court, and that there had been *ex parte* communications between the trial court and defense counsel as to the form and content of the order.

## I.

Contrary to plaintiffs' contention, we conclude that the trial court had jurisdiction to consider the motion for judgment

notwithstanding the verdict on its merits. *See Converse v. Zinke*, 635 P.2d 882 (Colo. 1981).

## II.

Plaintiffs argue that because the trial court's order was the product of *ex parte* communications it must be stricken and the verdicts ordered reinstated. We agree in part.

■ A judge should avoid the appearance of impropriety in all activities. Code of Judicial Conduct Canon 2. *See People v. District Court*, 192 Colo. 503, 560 P.2d 828 (1977); *Wood Bros. Homes, Inc. v. City of Fort Collins*, 670 P.2d 9 (Colo.App.1983). Also, courts have the duty to eliminate every semblance of reasonable doubt or suspicion that a trial by a fair and impartial tribunal was denied. *Johnson v. District Court*, 674 P.2d 952 (Colo.1984).

The Code of Judicial Conduct Canon 3(A)(4) provides in pertinent part:

"A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider *ex parte* or other communications concerning a pending or impending proceeding...."

Also, the Code of Professional Responsibility DR 7–110(B), regulating a lawyer's conduct, states:

"In an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending, except:

"(1) In the course of official proceedings in the cause.

"(2) In writing if he promptly delivers a copy of the writing to opposing counsel....

"(3) Orally upon adequate notice to opposing counsel....

"(4) As otherwise authorized by law, or by Section A(4) under Canon 3 of the Code of Judicial Conduct."

Finally, the Code of Professional Responsibility EC 7–35 provides:

"All litigants and lawyers should have access to tribunals on an equal basis. Generally, in adversary proceedings a lawyer should not communicate with a judge relative to a matter pending before ... a tribunal over which he presides in circumstances which might have the effect or give the appearance of granting undue advantage to one party. For example, a lawyer should not communicate with a tribunal by a writing unless a copy thereof is promptly delivered to opposing counsel.... Ordinarily an oral communication by a lawyer with a judge or hearing officer should be made only upon adequate notice to opposing counsel.... A lawyer should not condone or lend himself to private importunities by another with a judge or hearing officer on behalf of himself or his client."

■ It is proper to request or order submission of proposed findings of fact and conclusions of law so long as the request is not *ex parte* between the court and one party to the case. *See Hein Enterprises, Ltd. v. San Francisco Real Estate Investor*, 720 P.2d 975 (Colo.App. No. 84CA0147, November 29, 1985). Here, however, a letter from the trial court to plaintiffs' counsel, which was made a part of the record, states that the order was prepared according to the trial court's instructions, and defendants' answer brief states that defense counsel "did not argue for the inclusion or exclusion of any issue contained in the Order." We do not decide whether there were in fact improprieties committed by the trial court or defense counsel, but as defense counsel readily admits, the *appearance* of partiality as a result of *ex parte* communications concerning the merits of the case cannot be disputed.

Moreover, it is exactly this type of communication, *i.e.*, where only the parties involved know what was said, against which the above ethical considerations were directed. *See In re Wisconsin Steel Co. v. International Harvester Co.*, 48 B.R. 753 (N.D.Ill.1985).

However, defendants argue that in spite of the appearance of impropriety the issues presented on appeal are questions of law, and thus, they should be addressed by this court. We disagree.

It is fundamental to the vitality of our judicial system that litigants believe in the fairness of the process. An unfavorable decision perceived to be the result of an impartial consideration may be bearable, but an unfavorable decision tainted by even the appearance of partiality cannot be condoned. *See In re Wisconsin Steel Co. v. International Harvester Co., supra.* Therefore, we do not address the merits of this case on appeal and conclude that the proper remedy is to vacate the trial court's order and remand for hearing on defendants' post-trial motion.

The judgment notwithstanding the verdict is reversed and the cause is remanded with directions to strike the trial court's order for judgment notwithstanding the verdict or in the alternative for new trial, and that another judge hear and determine defendants' post-trial motions.

ENOCH, C.J., and KELLY, J., concur.