**AZTEC MINERALS CORPORATION, Gray Eagle Mining Corporation, and South Mountain Minerals Corporation, Plaintiffs–Appellants,**

v.

**STATE of Colorado, Roy Romer, Governor; Colorado Department of Public Health and Environment, Patricia Nolan, Executive Director; Colorado Department of Natural Resources, James L. Lochhead, Executive Director, Defendants–Appellees.**

No. 98CA0303.

Colorado Court of Appeals, Div. V.

March 18, 1999.

Rehearing Denied April 15, 1999.

Certiorari Denied Nov. 1, 1999.

Gablehouse & Epel, Timothy R. Gablehouse, Donn L. Calkins, Denver, Colorado, for Plaintiffs–Appellants.

Gale A. Norton, Attorney General, Richard A. Westfall, Solicitor General, Joseph C. Smith, Jr., Deputy Attorney General, Cheryl A. Linden, First Assistant Attorney General, Stephen M. Brown, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge VOGT.

Plaintiffs, Aztec Minerals Corporation, Gray Eagle Mining Corporation, and South Mountain Minerals Corporation, appeal from an order awarding attorney fees and costs to defendants, the State of Colorado, Roy Romer, Governor; the Colorado Department of Public Health and Environment, Patricia Nolan, Executive Director; and the Colorado Department of Natural Resources, James L. Lochhead, Executive Director. We affirm.

Plaintiffs commenced this action seeking damages for injury to their real property. Defendants moved for dismissal of the complaint pursuant to C.R.C.P. 12(b)(1), 12(b)(5), and 12(b)(6), basing their motion primarily on the doctrine of sovereign immunity. The trial court granted the motion. Plaintiffs appealed, and a division of this court affirmed. *Aztec Minerals Corp. v. Romer*, 940 P.2d 1025 (Colo.App.1996).

After the trial court ruling, defendants filed a motion for attorney fees and costs pursuant to § 13–17–201, C.R.S.1998, which they renewed following the affirmance on appeal. Plaintiffs contested defendants' entitlement to fees, but withdrew their initial objection to the hours and rates requested by defendants. The trial court conducted a hearing on the motion and thereafter awarded defendants their attorney fees and costs in the amount of $60,625.

I.

Plaintiffs first contend that the trial court erred in awarding attorney fees under § 13–17–201 because not all of their claims sounded in tort. We disagree.

Section 13–17–201 states:

In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

In enacting § 13–17–201, the General Assembly sought to discourage and deter the institution or maintenance of unnecessary litigation concerning tort claims. To this end, the statute requires that defendants be awarded their reasonable attorney fees whenever a tort action is dismissed prior to trial on the basis of a motion under C.R.C.P. 12(b). *Employers Insurance v. RREEF USA Fund–II (Colorado), Inc.*, 805 P.2d 1186 (Colo.App.1991).

Thus, an award of attorney fees is mandatory when a trial court dismisses an action for lack of subject matter jurisdiction based on the Colorado Governmental Immunity Act (CGIA), which applies to "all actions which lie in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by the claimant." Section 24–10–105, C.R.S.1998; *Smith v. Town of Snowmass Village*, 919 P.2d 868 (Colo.App.1996).

Here, plaintiffs' original complaint included two claims for negligence (one of which was later voluntarily dismissed), a third claim denominated "trespass in violation of [Colo. Const. art. II, § 15]," and a fourth claim for denial of due process under Colo. Const. art. II, § 25. The fourth claim alleged that the same actions characterized

as a trespass in the third claim resulted in a taking of, and damage to, plaintiffs' property.

In its dismissal order, the trial court concluded that "the CGIA precludes the plaintiffs from bringing any of their four claims for relief against the defendants" and that it thus "lack[ed] subject matter jurisdiction over all four of plaintiffs' claims for relief." Accordingly, an award of attorney fees under § 13–17–201 was mandatory. *See Smith v. Town of Snowmass Village, supra.*

Plaintiffs point out that, on appeal, a division of this court affirmed the dismissal of the third and fourth claims for relief on grounds different than those invoked by the trial court. However, even if we were to read the decision on appeal as an implicit rejection of the trial court's rationale, we would nevertheless conclude that attorney fees were mandated under § 13–17–201.

As quoted above, § 13–17–201 states that it applies to actions for injury to property "occasioned by the tort of any other person." We need not decide whether, as plaintiffs contend, § 13–17–201 is inapplicable where a complaint includes both tort and non-tort claims. Here, all plaintiffs' claims were either expressly characterized as torts in their complaint or were dependent on allegations of tortious behavior. As noted above, the first two claims were for negligence. The fourth claim was based on the same actions which, in the third claim, were alleged to "constitute a trespass." Further, plaintiffs conceded in the trial court that their third and fourth claims could be characterized as "constitutional torts."

Plaintiffs' allegations in their complaint thus demonstrated that they brought the case because of injury to their property occasioned by defendants' tortious acts. Accordingly, the action was one to which § 13–17–201, by its terms, applied.

## II.

Plaintiffs next assert that fees should not have been awarded under § 13–17–201 because the trial court treated defendants' motion to dismiss as a motion for summary judgment. Specifically, they argue that, although the court did not state that it was treating the motion as a motion for summary judgment, it must have done so because its dismissal order referred to facts outside the complaint which had to have been based on the exhibits appended to defendants' motion. We are unpersuaded.

Section 13–17–201 states that it does not apply if a motion under C.R.C.P. 12(b) is treated as a motion for summary judgment and disposed of as provided in C.R.C.P. 56.

C.R.C.P. 12(b) provides that if, on a motion asserting a C.R.C.P. 12(b)(5) defense, "matters outside the pleading are presented to and are not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." However, as to motions under subsections of C.R.C.P. 12(b) *other than* C.R.C.P. 12(b)(5), the court may consider evidence outside the pleadings without converting the motion into a summary judgment motion. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993); *Lyon v. Amoco Production Co.,* 923 P.2d 350 (Colo.App.1996).

Here, the trial court's dismissal order was based primarily on lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), although it also ruled that C.R.C.P. 12(b)(5) and C.R.C.P. 12(b)(6) were alternative bases for dismissal. It was thus proper for the court to consider defendants' tendered exhibits and to incorporate facts set forth in those exhibits into its dismissal order. Although plaintiffs argue that some of the facts in defendants' exhibits and in the court's order were unrelated to the issue of subject matter jurisdiction, we conclude that the court's limited references to facts not directly related to subject matter jurisdiction do not warrant treating its entire dismissal order as a summary judgment.

## III.

Finally, plaintiffs contend that the attorney fee order should be vacated because it was the product of an improper *ex parte* communication between the trial court and defendants' counsel. Again, we disagree.

After defendants' motion for attorney fees had been fully briefed, the trial court con-

ducted a telephone hearing on the motion and then took the matter under advisement. The court subsequently telephoned defendants' counsel to inform him that it had decided to grant the motion and to direct him to draft a proposed order.

Defendants' counsel served a copy of the proposed order on plaintiffs' counsel. Upon learning that the court had directed the drafting of the order in a telephone conversation to which plaintiffs were not parties, plaintiffs' counsel filed an objection on the basis that the order was the product of an improper *ex parte* communication. Plaintiffs did not request a hearing to ascertain the substance of the communication. After defendants responded to the objection, reminding the court in their response that the telephone conversation had been very brief and had not touched on the merits of the motion, the court entered the proposed order in the form submitted by defendants' counsel.

■ Initially, we note that a trial court's adoption of one party's proposed findings and conclusions is not necessarily improper and does not warrant reversal unless the findings themselves are inadequate. *American Water Development, Inc. v. Alamosa*, 874 P.2d 352 (Colo.1994). Further, C.R.C.P. 121 § 1–16 provides that, "when directed by the court," an attorney shall prepare a proposed order and then submit the proposed order to all of the parties for approval as to form before filing it with the court. The rule also gives a party objecting to the proposed order the opportunity to file and serve objections and suggested modifications.

Although the attorney fee order at issue here was prepared and submitted to plaintiffs for approval in accordance with C.R.C.P. 121 § 1–16, plaintiffs contend that the order must be vacated because it was initiated by an improper *ex parte* communication between the court and counsel for defendants.

Our supreme court has cautioned that trial judges must take great care to avoid *ex parte* communications with a party, attorney, or individual affiliated with a party concerning pending judicial proceedings. *See Wilkerson v. District Court*, 925 P.2d 1373 (Colo.1996); *see also* Code of Judicial Conduct Canon 3(A)(4), which provides that, except as autho-

rized by law, a judge should neither initiate nor consider *ex parte* communications concerning a pending proceeding.

However, in cases involving disqualification of judges, the supreme court has held that recusal based on an *ex parte* communication is not required where the motion and supporting affidavits do not establish bias or prejudice or the appearance thereof. *See Wilkerson v. District Court, supra; Comiskey v. District Court*, 926 P.2d 539, 544 (Colo. 1996) (noting that "the mere allegation that a judge engaged in an ex parte communication is not enough to require recusal," and that the party seeking recusal must also allege facts sufficient to warrant an inference that the judge is or appears to be biased).

Similarly, other courts have held that reversal or vacation of an order resulting from an *ex parte* communication is not required when there is no showing of partiality or bias on the part of the judge. *See Ex Parte Masonite Corp.*, 681 So.2d 1068 (Ala.1996) (refusing to set aside class certification order drafted by plaintiffs' counsel at court's request where court had reached a firm decision, based on full briefing, before telephoning counsel and had given opposing party the opportunity to argue prejudice resulting from the *ex parte* communication); *Kroblin v. RDR Motels, Inc.*, 347 N.W.2d 430 (Iowa 1984) (new trial not warranted based on court's *ex parte* request that seller's counsel draft orders on posttrial motions where buyer did not show that court's action materially and adversely affected its substantial rights); *Burgess v. Stern*, 311 S.C. 326, 428 S.E.2d 880 (1993) (*ex parte* communications regarding proposed order were inappropriate but did not render order emanating therefrom invalid in absence of any showing of partiality or prejudice); *see also In re Colony Square Co.*, 819 F.2d 272 (11th Cir.1987) (fact that a judge allows a litigant to draft an order without notice to opposing party does not automatically invalidate order; rather, order will be vacated only if party can demonstrate that process by which judge arrived at it was fundamentally unfair).

■ Consistent with the rationale of these cases, we conclude that, although it would

have been preferable to include counsel for both sides in the conversation, the limited *ex parte* communication at issue in this case does not require that the attorney fee order be vacated. The communication was made after the court had reached its decision based on full briefing of the issues and a telephone hearing. Plaintiffs' counsel was served with a copy of the proposed order in accordance with C.R.C.P. 121 § 1–16, was given an opportunity to object, and did in fact object. Moreover, beyond a generalized allegation that the trial court was partial to defendants, plaintiffs cite no evidence of bias on the part of the judge or prejudice to them as a result of the court's action.

*Williams v. Farmers Insurance Group, Inc.*, 720 P.2d 598 (Colo.App.1985), on which plaintiffs rely, does not require a contrary conclusion. There, a division of this court held that a trial court's order for judgment notwithstanding the verdict had to be stricken because it was the product of an *ex parte* communication that gave rise to an appearance of impropriety. In *Williams*, however, communications between the court and counsel were not limited to a request to prepare the order, but also dealt with the form and content of the proposed order. Further, the order embodied statements of fact which had not been offered at trial and were not contained in the record. The division concluded that there was an appearance of partiality as a result of *ex parte* communications "concerning the merits of the case." *Williams v. Farmers Insurance Group, Inc., supra*, 720 P.2d at 600.

Here, by contrast, there is nothing to contradict defendants' representation, both here and in the trial court, that the telephone call was simply to direct defendants' counsel to prepare the order. Plaintiffs do not argue, and the record does not reflect, that the order includes statements of fact that were not already in the record. Further, plaintiffs did not object to the substance of the order or propose modifications to it in the trial court, even though they were given the opportunity to do so. Nor did they request a hearing to determine the substance of the *ex parte* communication.

In sum, there is nothing here to indicate that the communication at issue involved a discussion of the merits of the case or of the attorney fee request. Thus, even under *Williams*, reversal of the attorney fee order would not be warranted.

The order is affirmed.

Chief Judge HUME and Judge BRIGGS concur.