Oloyea D. WALLIN, Plaintiff–Appellant,

v.

Janene McCABE and Sean McDermott,
Defendants–Appellees.

No. 09CA2699.

Colorado Court of Appeals,
Div. I.

Aug. 18, 2011.

Rehearing Denied Nov. 10, 2011.

Rehearing Denied Sept. 1, 2011.

Oloyea D. Wallin, Pro Se.

John W. Suthers, Attorney General, Kathleen L. Spalding, Senior Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge TAUBMAN.

Plaintiff, Oloyea D. Wallin, appeals the trial court's judgment dismissing his complaint and awarding attorney fees in favor of defendants, deputy state public defenders Janene McCabe and Sean McDermott. We affirm.

## I. Background

Following his conviction in January 2004 of second degree assault, Wallin filed a complaint in April 2008, alleging that his trial counsel, McCabe and McDermott, committed malpractice and negligence while representing him.

In July 2009, Wallin requested the court to (1) appoint counsel to represent him; (2) extend the time for him to file the certificate of review for his previous complaint; (3) appoint an expert witness to assist him and provide him with a certificate of review; (4) stay proceedings in the case pending the resolution of his postconviction criminal appeal; (5) consolidate the case with a prior Denver District Court civil action; and (6) revisit the order denying his previous request for an extension of time to file his certificate of review. The trial court denied all six motions.

Also in July 2009, McCabe and McDermott moved to dismiss Wallin's complaint and requested attorney fees for defending the action. The trial court granted the motion, holding that (1) the Colorado Governmental Immunity Act (CGIA), section 24–10–106, C.R.S.2010, barred Wallin's claims, because defendants were immune from suit and because Wallin did not file a notice of claim; (2) the statute of limitations barred Wallin's claims; (3) Wallin failed to state a controversy for which declaratory judgment might be appropriate; and (4) McCabe and McDermott were entitled to attorney fees.

On January 17, 2010, the trial court entered judgment for attorney fees in favor of McCabe and McDermott.

This appeal followed.

Although Wallin filed several motions in the Colorado Supreme Court, including a "Motion Requesting to File Without Prepayment of Filing/Service Fees," a "Motion for Certification of Question of Law," and a "Petition for Rule to Show Cause," the court considered and denied these motions. Therefore, the case is properly before us for review.

## II. Notice of Claim

Wallin contends that the trial court erred when it dismissed his April 2, 2008 complaint for failure to file a notice of claim pursuant to section 24–10–109(1), C.R.S.2010. We discern no error.

### A. Standard of Review

When the facts are not in dispute, we review de novo whether a claimant has satisfied the notice requirements of section 24–

10–109(1). *Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey,* 8 P.3d 1200, 1204 (Colo.2000).

## B. Analysis

■ The parties do not dispute that Wallin failed to file a notice of claim. Wallin argues that he was not required to do so, because his claims were not subject to the CGIA. We disagree.

■ No published appellate opinions have addressed whether state public defenders are public employees under the CGIA. Under the CGIA, "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section." § 24–10–109(1). Filing a written notice of claim and substantial compliance with that provision are necessary to confer subject matter jurisdiction on the court. *Jefferson Cnty. Health Servs. Ass'n v. Feeney,* 974 P.2d 1001, 1002 (Colo.1998).

For purposes of the CGIA, a "public employee" means an officer, employee, or servant of a public entity, whether or not compensated, elected, or appointed. § 24–10–103(4)(a), C.R.S.2010. A "public entity" means "the state, county, city and county ... and every ... kind of district, agency, instrumentality, or political subdivision thereof organized pursuant to law." § 24–10–103(5), C.R.S.2010. The Colorado Judicial Department was created pursuant to article VI of the Colorado Constitution. § 13–3–101(1), C.R.S.2010. The office of the Colorado State Public Defender is an agency of the Colorado Judicial Department. § 21–1–101, C.R.S. 2010.

Accordingly, employees of the state public defender's office are employees of a public entity, and, therefore, "public employees" under the CGIA.[1]

Nevertheless, Wallin asserts that the CGIA does not apply here, because public defenders exercise discretion and "it is the judicial department and not the state [that] exercises control over public defenders." However, Wallin's argument is misplaced, because the CGIA does not define a public employee based on the control or discretion that he or she exercises in the scope of employment. As discussed above, the CGIA defines a public employee as an officer, employee, or servant of a public entity.

Here, the office of the Colorado State Public Defender employed McCabe and McDermott and assigned them to represent Wallin as state public defenders. Thus, under section 24–10–103(4)(a), McCabe and McDermott were "public employees" and subject to the provisions of the CGIA, including the requirement that Wallin file a notice of claim pursuant to section 24–10–109(1). Because Wallin did not file a notice of claim pursuant to that statute, the trial court lacked subject matter jurisdiction to hear the case. *Feeney,* 974 P.2d at 1002. Accordingly, the trial court did not err when it dismissed Wallin's complaint for failure to file a notice of claim pursuant to section 24–10–109(1).

Because we affirm the trial court's ruling on the basis of failure to file a notice of claim, we do not address the issues Wallin raises regarding allegations of conspiracy, negligence, and willful and wanton conduct. Similarly, we need not address Wallin's contentions that the trial court erred in dismissing his case based on the statute of limitations and failure to file a certificate of review.

## III. Declaratory Judgment

Wallin contends that the trial court erred when it dismissed his claim for a declaratory judgment. We perceive no error.

### A. Standard of Review

■ Whether a trial court may exercise its discretion in granting declaratory relief under the Colorado Uniform Declaratory Judgments Law, sections 13–51–101 to –115, C.R.S.2010, is a matter of statutory interpretation, which we review de novo. *Zab, Inc. v. Berenergy Corp.,* 136 P.3d 252, 254 (Colo.

---

1. In *Vermont v. Brillon,* —— U.S. ——, 129 S.Ct. 1283, 1291, 173 L.Ed.2d 231 (2009), the Supreme Court held that for speedy trial purposes, delays attributable to state-appointed defense counsel are not attributable to the state because "assigned counsel ordinarily is not considered a state actor." That conclusion is not inconsistent with, and has no bearing on, the analysis here.

2006). The trial court should exercise that discretion in disputes where a declaration of rights, status, or legal relations would "terminate the controversy or remove an uncertainty." *Id.* at 260–61 (quoting § 13–51–109, C.R.S.2010).

### B. Analysis

██ Wallin argues that he is entitled to a declaratory judgment, because "[l]egal malpractice actions are intertwined with the relief of declaratory judgments because of the breaches of duties."

The trial court concluded that section 13–51–106, C.R.S.2010, is inapplicable to the facts alleged in Wallin's complaint because it did not allege a dispute arising under any contract, statute, or other written instrument. In denying his claim for declaratory judgment, the trial court, relying on the Uniform Declaratory Judgments Law, section 13–51–106, found that Wallin's claim "does not survive the application of statutory immunity."

Here, because Wallin's complaint does not allege a claim arising under any contract, statute, or other written instrument, the trial court properly ruled that declaratory relief was unavailable. Further, Wallin's alleged declaratory judgment claims could be litigated and resolved as torts, and therefore are subject to the CGIA. *See City & County of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 764–65 (Colo.1992) (CGIA applies to torts or claims that could be asserted as torts). Accordingly, the trial court did not err when it denied his complaint for declaratory judgment.

### IV. Award of Attorney Fees

Wallin contends that the trial court abused its discretion when it awarded attorney fees to McCabe and McDermott, because they did not incur any attorney fees and because the state public defenders are not state employees and did not receive "automatic representation by the attorney general." We disagree with these arguments and address each argument in turn.

### A. Standard of Review

██ Whether an award of attorney fees is proper is a matter committed to the discretion of the trial court. *City of Black Hawk v. Ficke*, 215 P.3d 1129, 1133 (Colo.App.2008). We will not disturb an award of attorney fees on review unless the trial court's ruling was manifestly arbitrary, unreasonable, or unfair. *People v. Davis*, 218 P.3d 718, 727 (Colo.App. 2008).

### B. Amount of Attorney Fees

██ The trial court awarded McCabe and McDermott "their reasonable attorney fees." McCabe and McDermott requested an award of attorney fees in the amount of $6,615. The time reasonably spent by counsel to defend McCabe and McDermott was set forth in an exhibit titled "Affidavit of Kathleen Spalding." Spalding detailed 37.80 hours of attorney time spent defending the case, and requested $175 per hour in fees. She did not seek recovery of fees for approximately 13 hours spent by a paralegal who assisted in the defense of the case. Wallin did not contest the request initially, and the trial court entered judgment for $6,615. He later contested the award of attorney fees in his motion to vacate the order of dismissal.

██ A party that prevails in a motion to dismiss pursuant to C.R.C.P. 12(b) is entitled to an award of reasonable attorney fees. *See* § 13–17–201, C.R.S.2010. The award of attorney fees pursuant to a Rule 12(b) dismissal is mandatory. *Smith v. Town of Snowmass Village*, 919 P.2d 868, 873 (Colo.App. 1996); *see also Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 872 (Colo.2004) (trial court properly awarded fees where all claims could be dismissed pursuant to C.R.C.P. 12(b)).

Wallin argues that attorney fees are not awardable because the attorney general did not charge McCabe and McDermott an hourly rate pursuant to any agreement of representation, and "[t]he attorney general cannot make up fees and hourly rates that were not initially agreed to by the defendants."

We disagree for two reasons. First, the plain language of section 13–17–201 does not require that a defendant incur attorney fees before they can be awarded. Second, in

other contexts, attorney fees have been awarded where a party has not incurred them. *See In re Marriage of Swink*, 807 P.2d 1245, 1248 (Colo.App.1991) (a trial court may enter an order requiring a party to pay a reasonable sum for legal services rendered to the other party by a pro bono attorney, even though the pro bono client did not incur attorney fees).

Other courts have awarded attorney fees to governmental entities without addressing whether they were entitled to attorney fees that were not incurred. *See Ferrel v. Colorado Dep't of Corr.*, 179 P.3d 178, 189 (Colo. App.2007) (Colorado Department of Corrections and State Personnel Board were entitled to an award of their appellate attorney fees after successfully defending on appeal the trial court's order dismissing the employee's claims for lack of subject matter jurisdiction under the CGIA); *Aztec Minerals Corp. v. State*, 987 P.2d 895, 897–98 (Colo.App. 1999) (state defendants, including the State of Colorado and the Colorado Department of Public Health and Environment, were not precluded from receiving statutory attorney fee award where plaintiffs' claims were dismissed for lack of subject matter jurisdiction under the CGIA).

Here, the trial court dismissed Wallin's tort claims brought against McCabe and McDermott pursuant to C.R.C.P. 12(b)(1) on the ground that the claims were barred by governmental immunity. Because the trial court properly dismissed Wallin's complaint pursuant to C.R.C.P. 12(b), it did not abuse its discretion in awarding attorney fees to McCabe and McDermott. *Smith*, 919 P.2d at 868.

### C. State Employees

We decline to address Wallin's argument that McCabe and McDermott "are not state employees and were not given automatic representation by the attorney general['s] office," because we have already reached a contrary conclusion in part II(B) above regarding their status as state employees. *See also* § 24–31–101(4), C.R.S.2010 (subject to exceptions not applicable here, attorney general has duty to defend state employees at their request in civil court actions arising out of the performance of their official duties).

### V. Stay of Proceedings

Wallin contends that the trial court abused its discretion when it denied his motion for a stay of proceedings in his civil case pending resolution of his postconviction motion. We discern no error.

### A. Standard of Review

The decision whether to stay or continue proceedings resides in the sound discretion of the trial court. *Christel v. EB Eng'g, Inc.*, 116 P.3d 1267, 1270 (Colo.App. 2005). We will not disturb the trial court's ruling unless it is manifestly arbitrary, unreasonable, or unfair. *Davis*, 218 P.3d at 727.

### B. Analysis

Here, the trial court did not abuse its discretion in denying Wallin's stay motion, because Wallin did not show that hardship would result if the trial court did not grant his motion. He requested the stay because he was "struggling" to handle the civil and criminal cases simultaneously, and stated that it would be "very difficult," to "obtain information and documents and evidence in both cases equally." Because Wallin did not make a specific showing of hardship, delays, or prejudice, the trial court's decision to deny the motion was not manifestly arbitrary, unreasonable, or unfair. *Id.*

The judgment is affirmed.

Judge TERRY and Judge MILLER concur.